Specht v. Spangenberg.

## SPECHT v. SPANGENBERG.

1. **Appeal:** FROM ORDER OVERRULING MOTION TO STRIKE OUT IRRELEVANT MATTER: DOES NOT LIE. In an action to recover for a breach of promise of marriage, plaintiff pleaded seduction in aggravation of her damages. Defendant moved to strike out this matter as irrelevant and immaterial, but the court overruled the motion, and defendant appealed. *Held* that the order was not one "involving the merits and materially

affecting the final decision," within the meaning of § 3164 of the Code, and that an appeal would not lie.

2. **Pleading**: EFFECT AND TREATMENT OF IRRELEVANT MATTER. An irrelevant averment not stricken out becomes mere surplusage, and must be treated as such in the trial of the case. And an averment irrelevant when made does not become relevant by being denied, but objection to it may still be made when evidence is offered to prove it. The only advantage in moving to strike out matter deemed irrelevant is in finding out beforehand whether the court also deems it to be such, and whether it is unnecessary to prepare to meet it by evidence on the trial.

*Appeal from Delaware Circuit Court.*

TUESDAY, DECEMBER 21.

ACTION to recover for an alleged breach of promise of marriage. The plaintiff averred that she was a widow, and had children by a former marriage; that the defendant promised to marry her, and the marriage was to take place when two children of the plaintiff should have married; that those children have since married, but the defendant now refuses to marry her. The plaintiff also made an averment in these words: "The plaintiff further, in aggravation of damages, says that the defendant, soon after his promise of marriage, represented to the plaintiff that she, having promised to marry him, was the same as his wife; and, chiding and censuring her for insisting upon postponing the marriage ceremony until the marriage of both her children, as first agreed, demanded of her the privileges of a husband, and that the plaintiff, overcome by the argument and entreaty of the defendant, and desiring to avoid his censure, yielded to him her person, and then, and at other and sundry times during the summer and fall of 1885, in response to the defendant's solicitations, granted him the privilege of the marriage bed in sexual intercourse, to the great damage of the plaintiff." The defendant filed a motion to strike out that part of the petition relating to a seduction in aggravation of damages, because it was irrelevant and immaterial; it not being a proper element of damage, and because it was surplusage

and scandalous. The court overruled the motion, and from the order overruling the motion the defendant appeals.

*Bronson, Carr & Leroy* and *Blair & Norris*, for appellant.

*Yoran & Arnold* and *Powers & Lacy*, for appellee.

ADAMS, CH. J.—The case presents a question of practice. Where a court refuses to sustain a motion to strike out as irrelevant a part of a petition not designed to show a distinct cause of action, does an appeal lie at once from such rulings? The appellee insists that it does not. An appeal lies from " an intermediate order, involving the merits and materially affecting the final decision." Code, § 3164. Is the order complained of one of that kind, or is it one which is merely incidental to the trial of the cause? The matter objected to was evidently pleaded merely in aggravation of damages, and not as an independent cause of action. It is expressly stated to be in aggravation of damages, and is not set out in a separate count or division. It did not, then, go to the plaintiff's right of recovery, but merely to the *amount* of her recovery upon a ground otherwise pleaded. A ruling which merely affects the amount of damages recoverable under a given cause of action is, we think, merely incidental to the trial. This would be clearly so in a case where the ruling was merely upon the admission or exclusion of evidence. If, for instance, the plaintiff had given her deposition to prove the matter alleged in aggravation of damages, and the defendant had moved to strike it out on the ground of the irrelevancy of the averment which it was given to support, and the court had overruled the motion, the defendant would hardly claim that an appeal would lie at once from such ruling. The principle involved was virtually decided in *Richards v. Burden*, 31 Iowa, 306. The court, by Mr. Justice BECK, said: " There are in the progress of a cause an infinite number of questions relating to its conduct, as well

1. APPEAL: from order overruling motion to strike out irrelevant matter: does not lie.

to the law that may arise. These may all, in a degree, affect the rights of the parties, yet are not of such a nature that their decision necessarily determines the final question of the issues of law and fact involved. Questions of practice, and those relating to the admission or exclusion of evidence, are peculiarly within this description. Evidence may be improperly admitted or excluded in the trial of a cause, but it does not follow that the final decision will be adverse to the party against whom the intermediate ruling is made. * * * Were appeals permitted from the orders of the kind complained of, the limit upon their frequency in the same case would only be determined by the number of intermediate questions upon practice and the introduction of evidence which may arise in the progress of a trial." The court further speaks of the delays which would be caused, and the great hinderances which would result, to the administration of justice.

It can be seen at once that the question upon which the defendant has appealed may, in the further progress of the case, become of no importance to him. The alleged seduction as an aggravation of damages has no significance in this case, except as an incident to the alleged promise of marriage; nor, indeed, even to that, unless the promise remained obligatory until the time of its alleged breach. It was incumbent upon the plaintiff to make a case against the defendant before she could reach the question of the alleged seduction at all, and this she might never do. If we should rule upon the question presented, it would be merely in anticipation of a state of things which may never occur, and which presumptively, as the burden is upon the plaintiff, never will occur. We conclude, then, that the order is one which does not involve the merits of the case within the meaning of the statute. We think that the most that can be said of it is that it affects contingently a mere aspect of the case.

It may be proper, in this connection, to notice one authority cited by the defendant, and that is *Johns v. Pattee*, 55 Iowa, 65. It was held in that case that certain irrelevant matter was properly stricken out. In the course of the opinion, Mr. Justice SEEVERS said: " In one sense, a party cannot be prejudiced by immaterial matter stated in a petition, because if it be such, it could have no effect on the case if not answered, or if established by evidence on the trial. But the party must determine this question at his peril, and therefore, and because the record should not be thus incumbered, the statute provides that such matter may be stricken out on motion of the party aggrieved thereby." The defendant seems to have apprehended that, if he took issue with the plaintiff by denying the alleged seduction, he would afterwards be precluded from saying that the averment of seduction was irrelevant. His apprehension seems to have been based upon the remark, in the opinion in the case above cited, that the party aggrieved by an irrelevant averment must determine at his peril whether he will move to strike it out. But the only advantage of moving to strike out is to enable the party who deems himself aggrieved by an averment which he considers irrelevant to know in advance whether he must be prepared to meet the averment, and disprove it by evidence. If he does not move to strike out, and goes to trial without evidence to disprove the averment, he does so at his peril. He may think that the averment is irrelevant, and therefore that no evidence will be admitted in support of it, but the court may think the averment relevant. He has a right therefore, to have the view of the court in advance, that he may know what, upon a trial in that court, he must be prepared to meet. The defendant, with the view which he took of the averment, very properly moved to strike out. He now knows that, unless the court should change its opinion, he should come prepared to disprove the alleged seduction; but, if he should fail to disprove it, he may still insist that the

*2. PLEADING: effect and treatment of irrelevant matter.*

averment is irrelevant. He may, if he thinks proper, object to the evidence offered in support of it; and if evidence is admitted, and a verdict should be rendered against him, the question of the relevancy of the averment, and the admission of evidence, may be reviewed.

It would hardly be too much to assume that, in a large proportion of contested cases, a strict examination of the pleadings would disclose some irrelevant or immaterial averment. Such averments are sometimes made through carelessness, but more frequently probably out of abundant caution. The other party does not always, nor perhaps usually, move to strike out. If, upon the trial, evidence is offered in support of what the other party deems an immaterial averment, he objects to the evidence; and, if the court deems the averment irrelevant, the evidence is excluded. An irrelevant averment, not stricken out, becomes mere surplusage, and must be treated as such in the trial of the case. Bliss, Code Pl., § 423. Let us suppose an averment which would be very clearly irrelevant. We will suppose that the plaintiff had averred that certain relatives of the defendant were persons of very high social standing, and that she had lost the advantage of connection with them, and that the defendant had denied that the persons mentioned were of high social standing, or had admitted that they were, but denied the relationship, no court could be expected to allow evidence upon such an issue, and should exclude it when offered, even if it were not objected to. An averment irrelevant when made, does not become relevant by being denied. There was no necessity, then, for the defendant, as he seemed to think, to have the question of the relevancy of the averment definitely determined before he could safely answer and go to trial.

In our opinion, the appellee's position in respect to the appellant's right of appeal must be sustained, and the appeal must accordingly be

DISMISSED.