WARREN WALKER, Appellant, v. J. R. PUMPHREY et al., Appellees.

1. **Appeal:** ORDER ON MOTION: FINAL ORDERS. An order overruling a motion to strike a pleading upon grounds not pertaining to the remedy, but based upon matters of practice, as that the pleading was verified by one without authority, or that the party was in default and not entitled to plead, is not appealable.

2. **Pleading:** SUFFICIENCY OF DEFENSE: DEMURRER. The insufficiency of the facts pleaded in an answer to constitute a defense cannot be taken advantage of by a motion to strike, but must be presented by a demurrer to the answer.

3. ————— : IRRELEVANT AND REDUNDANT MATTER: MOTION TO STRIKE. Allegations of an answer that are not necessary to the establishment of the defense therein presented cannot be assailed by a motion to strike the same as irrelevant, redundant and immaterial.

4. ————— : FORMER ADJUDICATION. The plea of former adjudication to the defense presented in an answer should be raised by demurrer, if the facts be sufficiently pleaded; otherwise, it should be presented by a reply. It cannot be raised by a motion to strike.

*Appeal from O'Brien District Court.*—HON. C. H. LEWIS, Judge.

WEDNESDAY, MAY 20, 1891.

THIS is an action to recover on a bond given by the assignee of a debtor under a general assignment for the benefit of his creditors. After answer by some of the defendants, a demurrer by another, which was stricken from the files, a motion for default, an answer from a

defendant not before answering, and some other proceedings, the plaintiff filed a motion to strike the answer of the defendant last filed, which was overruled, and an order to that effect entered, from which the plaintiff now appeals.—*Affirmed.*

*Warren Walker*, pro se.

*W. D. Boies*, for appellees.

BECK, C. J.—I. All the assignments of error relate to the action of the court in overruling the motion of the plaintiff to strike from the files the answer of one of the defendants, filed after his demurrer had been stricken from the files on motion. It is not necessary to set out the pleadings or state their contents. The motion to strike the defendant's answer, which is the ground of the plaintiff's complaint, we present in full, in order that the points made and decided may clearly appear. It is in the following language:

"Comes now plaintiff, and moves the court to strike the so-called 'answer' of the defendant, J. R. Pumphrey, from the files, and, in case the same is not stricken from the files, that portion thereof be stricken out, and shows the court the following grounds therefor: *First.* That said answer is not filed in time; that said cause was commenced prior to the November term of this court; that on the thirteenth day of November, 1888, the said J. R. Pumphrey appeared in person, and by W. D. Boies, his attorney, and was given time to answer on or before December 15, 1888, and that at the request of the defendants said cause was continued for that purpose; and that said defendant failed to answer in time, as provided by law or order of this court. *Second.* That on the sixteenth day of January, 1889, it being the third day of the regular January term of the said court, the plaintiff herein filed his motion for default and judgment for want of the answer, which motion is hereby referred to and made a part hereof. *Third.* That after the filing of said motion for default,

and after said defendant was in default for want of pleading, the said defendant, on the sixteenth day of January, 1889, filed herein his so-called 'demurrer' to plaintiff's petition ; that at the time of the filing of said demurrer the defendant Pumphrey was in default, as shown by the records of this court. *Fourth.* That on the seventeenth day of January, 1889, the plaintiff filed herein his motion to strike said demurrer from the files, for the reason that the same was not filed in time, and for the reason that the defendant was already in default, said motion being herein referred to and made a part hereto, the same as though fully set out herein ; that said motion was sustained by the court. *Fifth.* That on the eighteenth day of January the defendant filed herein his so-called 'answer ;' that at the time of the filing of said answer the defendant was in default for want of a pleading within the time provided by law or order and rules of this court. *Sixth.* That at the time of the filing of said answer, and long prior thereto, motion for default and judgment had already been filed by the plaintiff, and said defendant was in default at the time. *Seventh.* That said answer was not verified as provided by law. *Eighth.* That no reason was given why said answer is not verified by the said defendant. *Ninth.* That said W. D. Boies does not show facts sufficient to entitle him to make said verification. *Tenth.* That said answer does not state any facts which are a defense in said action. That, in case said answer is not stricken from the files, that portion, therefore, be stricken, for the following reasons, to-wit : *Eleventh.* That the first division of said answer be stricken out as incompetent, irrelevant and immaterial, and redundant matter, and for the further reason that the same is pleading a conclusion of law instead of facts. *Twelfth.* That the second division of said answer be stricken out as immaterial and redundant matter, and for the reasons that the same constitutes no defense to the petition, and does not state a cause of action or defense. *Thirteenth.* That said second division be stricken out for the reason that it pleads a conclusion of law instead of facts.

*Fourteenth.* That the third division be stricken out as immaterial and redundant matter, and that the same constitutes no defense to the action, for the reason that the pleading shows upon its face that the same has already been adjudicated in this court. *Fifteenth.* That the fourth division be stricken out as immaterial and redundant matter, and for the further reason that the said answer shows upon its face that the said matter has been fully adjudicated and decided as against the said J. R. Pumphrey, as assignee, upon due notice to him, and that he is now estopped from contesting the same in his individual capacity upon his bond as said assignee.          WARREN WALKER,

"Plaintiff."

An order overruling this motion to strike the answer of the defendant appears in the record, in the following language:

"Now, to-wit, on this first day of April, 1889, comes the plaintiff in person, and the defendants appear by W. D. Boies, their attorney, and thereupon the court heard the arguments of counsel upon the motion to strike answer heretofore herein filed, and, being fully advised in the premises, the said motion is overruled, and the plaintiff excepts; and thereupon the motion to strike part of defendant's answer coming on for hearing, and the parties appearing by counsel as aforesaid, and the court being fully advised, and said motion to strike out part of defendant's answer is overruled, and the plaintiff duly excepts."

II. It will be observed that the grounds of the motion from 1 to 6, inclusive, are facts stated in the several paragraphs of the motion. Upon these facts it is insisted that the defendant was in default, and, therefore, not entitled to answer. Paragraphs 7 to 9 present facts as grounds for striking the answer to the effect that the answer was not lawfully verified. All of the objections presented in all of these paragraphs were in fact directed against orders and rulings made in the conduct of the cause. They pertained to matters purely and wholly

1. APPEAL: order on motion: final orders.

of practice. One complaint is that defendant was in default, and not entitled to an answer. Here the question is presented whether, under the rules of practice, the defendant was rightly held to be in default. So the question of the verification of the answer is simply a question of practice. These questions do not pertain to the rights of the parties to a remedy, but simply to the course to be pursued to obtain a remedy. The order complained of does not affect a substantial right, which " determines the action and prevents a judgment from which an appeal might be taken," nor does it involve the merits, nor materially affect the final decision. It should have these effects in order that an appeal may be taken therefrom. Code, sec. 3164, pars. 1, 4. It is plain that under this statute no appeal is authorized from the decision upon the grounds of the motion from 1 to 9, inclusive. The decision may be reviewed upon the final judgment of the case. It is proper here to remark that, upon the overruling of the motion, the cause, on the plaintiff's application, was continued. It is not the purpose of the law to authorize an appeal from orders made in intermediate proceedings in a case. It is only allowed from final judgments or orders and judgments affecting the rights of the parties, and defeating final judgments. *Richards v. Burden*, 31 Iowa, 205, presents fully the doctrine which is recognized by this court in that and later cases.

III. It will be observed that the tenth ground of the motion assails the sufficiency of the defense pleaded

2. PLEADING: sufficiency of defense: demurrer.

in the answer. The objection should have been raised by demurrer to the answer, and cannot be presented by a motion to strike. Code, secs. 2648, 2664, 2719.

IV. The grounds for the motion presented in paragraphs 11, 12, 13 and 14 are that the matter

3. ——: irrelevant and redundant matter: motion to strike.

assailed is irrelevant, immaterial and redundant. The objections do not deny the defendant's defense, but assail the matter pleaded as unnecessary to show or

establish that defense. These objections are not grounds of a motion to strike. *Specht v. Spangenberg*, 70 Iowa, 488.

V. The fourteenth and fifteenth grounds of the motion, with the allegations that certain matter is immaterial, present the fact of a prior

4. ——: former adjudication. adjudication, which should either be presented by a reply, if not sufficiently set out in the answer; or, if so set out, should have been assailed by demurrer. In neither case could it be the subject of an attack by a motion to strike. These considerations dispose of all the questions in the case, and lead to the conclusion that the district court rightly overruled the plaintiff's motion to strike the defendant's answer.

We reach this conclusion upon grounds not presented by counsel. But, as the ground of sustaining the rulings on the plaintiff's motion is jurisdictional in its character, in that it is to the effect that we do not have jurisdiction of the case for the reason that no appeal lies from the order complained of by the plaintiff, we consider and decide the question upon our own motion. AFFIRMED.