CATHERINE QUINN, Appellant, v. CAPITAL INSURANCE COMPANY, Appellee.

Appeal: ORDER ON MOTION: JURISDICTION. Where, after an order overruling a demurrer to the plaintiff's petition, the district court sustained a motion on behalf of the defendant to set aside such ruling on the demurrer, and overruled a motion on behalf of the plaintiff to strike said motion of the defendant and for a default against said defendant for want of pleading, *held*, that the orders on said motions were not appealable.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

THURSDAY, MAY 21, 1891.

ACTION upon a policy of insurance. A demurrer to the petition was overruled, and the order overruling the demurrer was set aside on motion, and a motion to strike the motion to set aside the order overruling the demurrer was overruled. From these orders made on the motions the plaintiff appeals.—*Dismissed.*

*R. M. Marshall,* for appellant.

*Read & Read,* for appellee.

BECK, C. J.—I. The abstract recites the facts in the following language :

"And on the ninth day of March, 1888, the defendant filed a demurrer to the plaintiff's petition, because it appears that the contract of insurance provides 'that no suit or action on this policy for the recovery of any claim shall be sustained, unless commenced within twelve months next ensuing after the fire.' That it appears by said petition that the fire occurred in February, 1886, and this action was not commenced within twelve months next ensuing after the fire. That at the October term, A. D. 1889, * * * the court * * * made the following order : 'The demurrer of defendant having been submitted to the court, and taken under advisement, and the court having examined the same, and being fully advised in the premises, overrules the said demurrer.' "

At the next term the defendant filed a motion to set aside the order overruling the defendant's demurrer, stating the grounds in the following language :

"*First.* When said order was made, another suit was pending between the same parties upon the same cause of action, and was being prosecuted, and this cause had been abandoned, and was understood as not being prosecuted. *Second.* When said order was made the records of this court showed plaintiff was *non compos mentis*, and was incapable of prosecuting the action, except by guardian. The defendant refers to the records of this court in the insane proceedings relating to plaintiff, and makes the same a part hereof, as though herein set out. *Third.* Said order was irregularly entered by the clerk. No order was made or signed at the October term, 1889, of the court, when the same purports to have been made, but was made after the adjournment of said term, and entered by the clerk."

The abstract shows, in the following language, that this motion was assailed by a motion to strike and for a default :

"Plaintiff moves the court to strike from the files in this cause the motion of defendant filed December 9, 1889, asking the court to set aside and vacate the order overruling the demurrer entered at the last term of this court, because said motion is sham and irrelevant, and made for the purpose of gaining time, and is made too late, and is not authorized by law, and because no motion for rehearing is made ; and, subject to this motion, the plaintiff further asks default and judgment against the defendant because it is apparent from the record that defendant's demurrer was overruled at the last term of this court, and that no answer was filed at the last term of this court, and that no answer was filed as by law allowed, nor any pleadings, save said sham and irrelevant one, whose sole purpose is delay, has been filed, and no time, by agreement or otherwise, has been made extending the time for filing an answer, and plaintiff is entitled to a default and judgment against said defendant.''

The plaintiff's motion to strike and for a default was overruled, and defendant's motion to set aside the order overruling the demurrer of the defendant was sustained.

II. It will be observed that at the end of all these motions and rulings the case stands upon the petition and demurrer thereon. The order overruling the demurrer being set aside, the questions raised by the demurrer remained undetermined. Now, it is very plain that the question determined by the court in setting aside the order overruling the demurrer was based, not upon any ground involving the rights of the plaintiff to recover on the petition, or, if on the insufficiency of the petition, on the grounds set out in the demurrer. The questions pertain to matters not affecting the right of the plaintiff to recover on the petition, but to matters *dehors* the record, or upon an irregularity in entering the order. These were all matters pertaining to the practice, the course of proceedings in the case, and did not pertain to or affect the rights of the parties to remedies or defenses, if pursued as required by law. The same remarks are applicable to the order overruling the

motion to strike and for a default made by plaintiff. The refusal to strike the defendant's motion raises the very same questions just considered, which were decided in sustaining that motion. Another motion refusing the default was overruled upon the ground that the motion to set aside the order overruling the demurrer ought to be and was set aside.

The orders were not final judgments, nor do they affect substantial rights by determining the action, and preventing judgment from which an appeal may be taken, nor do they involve the merits of the case, nor materially affect its final decision. Therefore, under sections 3163, 3164, of the Code, no appeal lies from these orders. After the motions were all disposed of, and the orders were all made and carried into effect, the case stands for decision on its merits. It rests upon a demurrer to the petition. Upon this pleading, as upon other pleadings which the parties may file under the rules recognized by the law, the cause is for trial in the court below upon its merits, if it shall be so presented by the pleadings of the parties. It is plain that no appeal in the case can be taken from the order complained of by the plaintiff. This point is not raised by the defendant, but, as it is jurisdictional, we are required to consider it, and avoid exercising authority in a case wherein we have no jurisdiction.

· The appeal is DISMISSED.