SAMUEL MANATT v. CLARISSA SHAVER, Appellant.

**Pleading:** WAIVER: *Objection below.* One who, after his motion to have a more specific statement of certain matters is overruled, sets out such matters in an answer, and has a hearing thereon, cannot object to such ruling, on appeal.

*Appeal from Washington District Court.*—HON. A. R. DEWEY, Judge.

TUESDAY, MAY, 19, 1896.

ACTION in equity to vacate a decree authorizing the redemption of real estate from excution sale, and for general equitable relief. There was a hearing on the merits, and a decree as prayed. The defendant, Clarrissa Shaver, appeals.—*Affirmed.*

*S. H. Fairall* and *C. S. Ranck* for appellant.

*H. M. Eicher* for appellee.

ROBINSON, J.—In the year 1892, the plaintiff commenced an action to recover the amount due on a promissory note made by one M. E. Montgomery, and to foreclose a mortgage on thirty-six acres of land, given to secure its payment. The maker of the note

was dead, and her surviving husband and seven children, and the appellant, were made parties defendant. The land described in the mortgage had been the homestead of Mrs. Montgomery and husband, and their children, and was a part of a quarter section, which she owned. She died in May, 1887, and the family continued to occupy the homestead until the year 1890. The evidence tends to show that the husband elected to occupy the homestead, instead of taking a distributive share of the estate of his wife. The appellant, in the year 1890, recovered judgment against the husband, George C. Montgomery, for one thousand, three hundred and sixty-two dollars and ten cents, and costs, and, for that reason, was made a party to the foreclosure proceedings. She appeared and answered, setting out her judgment; alleging that the judgment debtor had an interest in the mortgaged premises, upon which the judgment was a lien subject to the mortgage, and asking that it be so decreed, and that she be permitted to redeem the premises from the sale under the mortgage. In October, 1892, a decree was rendered, foreclosing the mortgage, and adjudging that the appellant held a lien against the interest of Montgomery in the premises, inferior to the rights of the plaintiff, and continuing the case as to her. In January, 1893, an additional decree was rendered, final in its terms, which confirmed the decree of foreclosure, and adjudged that the rights of the appellant were junior to the interest of the plaintiff under the mortgage, and foreclosing her right of redemption. At the next March term the appellant appeared in court and obtained a supplemental decree, which, in terms, made her judgment a second lien on the mortgaged premises, subject only to the decree of foreclosure in favor of the plaintiff, and giving to her the right to redeem from the foreclosure sale. No notice was given by the appellant that

she would appear in court at that term, and no appearance was made by the plaintiff, or by the co-defendants, or by the appellant, excepting that a guardian *ad litem* was appointed by the court for the children of Mrs. Montgomery, who were minors, and he filed answer for them. In December, 1893, the plaintiff, and all the defendants, excepting the appellant, filed a petition in which they set out the facts we have recited, and made the pleadings, and orders, and decrees of the court a part of the petition. The petition alleged, in substance and effect, that George C. Montgomery had elected to take the homestead in lieu of a distributive share of the real estate of his deceased wife, and that his only interest in the homestead was his right to occupy it, and that the children of his wife were the owners of it; that Clarissa Shaver has no interest in the premises; and that the supplemental decree rendered in her favor was void, for want of notice of the claim on which it was rendered. It was further averred that the premises were sold under the decree in favor of the plaintiff on the seventeenth day of December, 1892, and that on the twenty-fifth day of September, 1893, the appellant deposited with the clerk, money, to redeem from the sale. The petition asks that the clerk and sheriff of Washington county, be required to make answer to it, that the clerk and Clarissa Shaver, be enjoined from making redemption from the sale, that the sheriff be enjoined from executing a deed to the appellant, and that the supplemental decree rendered in March, 1893, be vacated. The appellant appeared to the action, and filed a motion "for a more specific statement of the matters alleged in the petition, in the following particulars: In paragraph 2 of the petition, and in paragraph 14 thereof, such reference is made as that it appears that judgment and decree was rendered in favor of Samuel Manatt, and

the mortgage foreclosed on the premises described, and that under such foreclosure the sale was made to Samuel Manatt, and that the time of redemption therefrom has expired; but it does not appear whether or not the defendants, or any of them, have redeemed; and, under the facts stated in the petition, either the plaintiff, Samuel Manatt, is the sole person interested in this proceeding, or else he has no interest, and the only persons interested are the original defendants, George C. Montgomery and children, and whichever of said parties has now no interest in the result of this case, is improperly joined as a party, in this petition. The petition being presented in behalf of Samuel Manatt, and also on behalf of the heirs of M. E. Montgomery and the husband of said M. E. Montgomery, under the facts appearing, some of these parties are improperly before the court. Wherefore Clarissa Shaver moves the court to require the petitioners to fully state what interest they, or either of them, now have in maintaining the present action."

The motion was overruled, the ruling is assigned as error, and the question thus raised, is the only one presented for our determination. After ruling on the motion, the appellant filed an answer in which she denied that any of the petitioners, excepting the plaintiff, had any interest in the property in controversy, and alleged that he purchased it at sheriff's sale, that the time for redemption had expired, and that her co-defendants had failed to redeem, and, therefore, that they had no interest in, nor right to maintain, the action. That portion of the answer was assailed by a demurrer, which was overruled, and there was a hearing upon the merits. It thus appears that the appellant, by an affirmative pleading, set out the substances of what the motion sought to obtain, and had the benefit of the issues thus presented. We are of the opinion that, by pursuing the course stated,

the appellant waived her motion, and cannot now be heard to complain of the action of the court in overruling it. *Ida County v. Woods,* 79 Iowa, 149 (44 N. W. Rep. 247); *Mann v. Taylor,* 78 Iowa, 357 (43 N. W. Rep. 220); *Randolph v. Town of Bloomfield,* 77 Iowa, 51 (41 N. W. Rep. 562); *Coakley v. McCarty,* 34 Iowa, 107. It is insisted that the rule of the cases cited is erroneous, for the reason that no appeal lies from a ruling on a motion for a more specific statement, and it can only be reviewed on appeal from the final judgment. The objection thus made does not reach the question presented in this case. It is true, as a general rule, that a party aggrieved by an erroneous ruling of a district or superior court is entitled to have that ruling reviewed on appeal to this court, provided the ruling was material, and the right to object to it is not waived. No doubt, there may be cases where a pleading filed after a ruling on a motion for a more specific statement, can be so drawn as not to waive the right to object to the ruling, but this is not a case of that kind. We are less reluctant to reach this conclusion because, having read the entire record in the case, we are of the opinion that the claim of the appellant is without substantial merit, and that justice was done by the decree of the district court. For the reasons shown, it is AFFIRMED.