R. H. ALLEN, Plaintiff, v. Z. A. CHURCH, Judge of THE SIXTEENTH JUDICIAL DISTRICT OF IOWA, Defendant.

**Appealable Order: SUPERSEDEAS BOND:** *Jurisdiction.* A judgment or order, which is self-executing, is not superseded by a filing of a supersedeas bond, as the stay provided for is of proceedings *upon* a judgment, and not proceedings after the judgment or order is made.

**RULE APPLIED.** Code, sections 3186, 3191, 3192, providing that an appeal shall not stay proceedings, unless a bond is given; that no appeal shall affect the judgment appealed from, and that any execution issued prior to filing such bond, shall be countermanded, contemplates stay of proceedings on the judgment itself, so that an appeal with supersedeas from a self-executing order, striking out matter from a pleading, does not deprive the court of jurisdiction to render final judgment on the sound portions of the pleadings.

**SAME.** An order striking out allegations of a complaint which do not affect the right of recovery, but merely the amount of recovery, is not appealable before a final judgment.

TUESDAY, FEBRUARY 2, 1897.

THIS is a proceeding to review the action of the defendant while presiding as the trial judge at the January, 1896, term of the Sac county district, in rendering judgment dismissing a petition filed by plaintiff against one C. W. Cook, after, it is claimed, an appeal had been taken in the case, and the district court had lost jurisdiction.—*Dismissed.*

*C. D. Goldsmith* for plaintiff.

*W. A. Helsell* for defendant.

DEEMER, J.—The facts appear to be that in November, 1895, plaintiff filed a petition in the district court of Sac county, Iowa, in two counts, in which he demanded a judgment against one C. W. Cook, in the sum of one thousand two hundred and fifty dollars, upon two certain written contracts, signed by the parties, with reference to the digging of a well. Cook appeared and filed a motion to strike from the petition all allegations with reference to the reasonable value of the plaintiff's services, for the reason that the action was based upon a written contract, and not on *quantum meruit*. This motion was submitted to the court, Judge Elwood presiding, and was sustained. Defendant Cook then answered the petition. Afterwards, and at the January, 1896, term of court, the motion to strike was re-considered and re-argued before Judge Elwood, and he made an order to the effect that, as it was apparent that the case would be tried before another judge, he would leave the motion as if it had never been submitted and argued, and no ruling had been made thereon, so that the judge who was to follow him (the defendant in this case) might be able to decide the matter upon its merits, unbiased or unhampered by any ruling which he (Elwood) might feel called upon to make. Afterwards, and on the fourteenth day of January, 1896, Judge Church appeared, and proceeded with the work of the term. The motion to strike was submitted to him, and sustained, and plaintiff excepted. Thereupon plaintiff gave written notice of appeal to defendant's attorney and the clerk of the court, and filed a supersedeas bond, which was approved by the clerk. Thereupon the court made the following entry of

record: "January 16, 1896, the plaintiff files notice of appeal to the supreme court of Iowa, and said notice of appeal is duly accepted by W. A. Helsell, attorney for the defendant, and W. J. Dixon, clerk of this court; and at the same time plaintiff files supersedeas bond, and said supersedeas bond is duly approved by the clerk of this court, and plaintiff makes no further appearance." On the next day, the case was reached in its regular order, and was called for trial. Plaintiff failed to introduce any evidence. The defendant Cook offered his evidence, and, on the proofs adduced, the court found for defendant, and ordered judgment against plaintiff for the costs of suit. It is to review these proceedings that this action is brought. Plaintiff contends that the order made on the motion is appealable, and that when he gave the notice, and filed his supersedeas bond, the district court lost jurisdiction, and thereafter acted illegally in rendering the final judgment.

At the outset, we are to determine whether the order made by the trial court upon the motion to strike is appealable, and, if appealable, we must next decide whether the bond filed operated to oust the court of jurisdiction to further proceed with the case. The petition declares upon a written contract made and executed between the parties on September 24, 1894, and a written modification thereof, entered into on the twelfth day of July, 1895. In the original contract, the price for doing the work is fixed, and this was not modified or changed in the supplemental contract. Cook moved to strike from the petition all allegations with reference to the reasonable value of the work, for the reasons that the same was immaterial, irrelevant, and redundant matter, in this: that the action is upon a written contract, and the value of the labor is immaterial. There is no doubt that such a ruling as the one under consideration may

be reviewed by this court upon appeal from the final judgment, and, if found erroneous, the judgment of the court below will be reversed, unless it be shown that no prejudice resulted. But is such an order appealable before final judgment? The petition, although in two counts, is based wholly upon the written contracts to which we have referred. Neither count is on the *quantum meruit*, and the statements found in the petition which defendant Cook attacked by his motion, did not have reference to an independent cause of action for work and labor done, but to the work done under the contracts to which we have referred. In other words, there was no attempt to state two causes of action,—one on the express contract for the agreed price, and another for the reasonable value of work and labor performed under an implied contract to pay for the same. The allegations which were stricken out were made in the two counts of the petition with reference to an express contract which fixed the compensation to be paid for the work done. In sustaining the motion, the lower court evidently found that the matter so pleaded was surplusage. Code, section 3164, provides that an "appeal may * * * be taken to the supreme court from * * * an intermediate order involving the merits, and materially affecting the final decision." Does an order, such as the one in question, involve the merits, and materially affect the final decision? We are not, in this proceeding, to determine whether the ruling, as applied to the facts of the case, was right or wrong, but, rather, whether appeals can be taken direct from this class of orders, and, if so, whether further proceeding are stayed by the filing of a supersedeas bond until the appeal may be disposed of. The statute provides, that "the court may, on motion of any person aggrieved thereby, cause irrelevant or redundant matter to be stricken from any pleading" (section

2719, Code, 1873); and we have heretofore defined irrelevant and redundant matter as anything stated in a pleading which, if established on the trial, would not entitle the party to obtain, or aid him in obtaining, the relief demanded, or in sustaining the defense pleaded. *Johns v. Pattee,* 55 Iowa, 665 (8 N. W. Rep. 663). We have also said that immaterial and redundant matter is mere surplusage, and will be treated as such on the trial of the case. In other words, neither party alleging it will be entitled to prove it, nor will the one defending against it, be required to rebut it. And, by a parity of reasoning, it follows that, if the matter be stricken out on motion, it does not follow that the plaintiff may not prove it as collateral to his cause of action, or that the defendant may not be called upon to meet it in his defense. See as bearing upon these propositions, *Specht v. Spangenberg,* 70 Iowa, 488 (30 N. W. Rep. 875). Now, it is well settled that an appeal will not lie from every interlocutory ruling or order made during the progress of the trial. Many of such decisions may be erroneous, and yet, if the final decision is favorable to the party against whom the ruling is made, it would be error without prejudice, and would not be subject to review. In the case of *Richards v. Burden,* 31 Iowa, 305, we said: "In our opinion, the language of the section now under consideration contemplates such judgments or orders as settle or determine the rights of the parties to the relief or remedy asked, or to a substantial right as to the cause of proceedings, whereby the cause is determined or is tried in a manner not authorized by law. The order appealed from must extend to and effect the merits of the case. If the merits may not be reached by or involved in the decision, there can be no appeal therefrom." The necessity of such a construction is obvious. Were such not the rule, we might be compelled to decide, in advance of final

judgment, every question which arises upon the trial of a case in the district court, for all the points which arise affect the rights of the parties in some degree, yet few of them may be of such a nature as their decision necessarily determines the case.

It follows that, as a general rule, an appeal cannot be taken directly from an order or ruling on a motion to strike certain allegations as irrelevant and redundant, for the very plain reason that, although such ruling may be erroneous, yet it does not follow that the final decision will be adverse to the one against whom the intermediate ruling is made. Again, while the court trying the case may, by sustaining such a motion, indicate that he regards the matter to which the motion applies as irrelevant and surplusage, yet he may, in some cases at least, change his mind upon the introduction of the evidence, and permit testimony to be adduced covering the point. We are now speaking of such motions as a class, and not of the particular motion under consideration; and we may observe parenthetically that, in determining the question of jurisdiction, courts, as a general rule, look to the class of orders under consideration rather than to the particular order which they are asked to review. There is nothing in this case which excepts it from the general rule. The allegations which were stricken were deemed to be surplusage by the court, but there is no reason for believing that the judgment would have been adverse to plaintiff had he proceeded to trial and introduced his evidence. As he did not do this, the only way in which the ruling can be reviewed is upon proper appeal from the final judgment. If the ruling or order is not in itself appealable, then the case still remains in the district court for trial on the issues as they remained after the order sustaining the motion was made, and we have no jurisdiction because of the giving of the notice of

appeal. *Quinn v. Insurance Co.*, 82 Iowa, 550 (48 N. W. Rep. 935). Our conclusions also find support in the case of *Walker v. Pumphrey*, 82 Iowa, 487 (48 N. W. Rep. 928). The case of *Stanley v. City of Davenport*, 54 Iowa, 463 (2 N. W. Rep. 1064), and (6 N. W. Rep. 706), is exceptional, in this: that the motion in that case struck at material allegations of negligence, eliminating from the pleadings all reference to the use of the steam motor, and took from the case the question as to the right of defendant to authorize the use of a steam motor upon its streets. The motion in that case involved the merits, and vitally affected the final decision. Moreover, the opinion in that case virtually holds, that the appeal from the ruling on the motion did not oust the lower court of jurisdiction, for it is said: "It is probable, also, that the court below would have the power to postpone a trial there until the appeal was disposed of." It is also said in that case: "The record fails to show that an issue has been formed, or that either party desires a trial below until this appeal is determined." This case also differs materially from the case of *Lumber Co. v. Hartwell*, 94 Iowa, 576 (63 N. W. Rep. 333), in that, the ruling in that case denied plaintiff all relief, and was, in effect, a demurrer to the petition. It will be noticed that that case went to final decree after the order was made. In the case at bar, the allegations stricken out were not designed to show a distinct cause of action. They related simply to the measure of the recovery, and in this respect were quite like the allegations attacked in the case of *Specht v. Spangenberg, supra*. The test by which to determine whether the case falls within the general rule, or the exception, is: Does the part of the pleading assailed show a distinct cause of action, or is it a mere incident thereto? Does the ruling go to the plaintiff's right to recover, or merely

to the amount of his recovery on a ground otherwise pleaded? If the order relates to the former, it is appealable. If to the latter, it can only be considered on appeal from the final judgment.

II. Let it be conceded for the purpose of this case, that the order is appealable under the statutes of this state, and the question then arises, can the order be superseded by the filing of a bond? Stays of proceeding pending an appeal are purely statutory (as, indeed, is the right of appeal); and, unless given, it does not exist, except as the court trying the case or the appellate court calls into exercise the inherent powers lodged in judicial tribunals for the purpose of administering justice. The provisions of our Code with reference to stay proceedings, are as follows: "An appeal shall not stay proceedings on the judgment or order or any part thereof, unless the appellant shall cause to be executed before the clerk of the court which rendered the judgment or order   *   *   *   a bond to the effect that the appellant shall pay the appellee all costs and damages that shall be adjudged against the appellant on the appeal; also that he will satisfy and perform the judgment or order appealed from in case it shall be affirmed, or any judgment or order which the supreme court may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order.   *   *   *   If the bond is intended to stay proceedings on only a part of the judgment or order, it shall be varied so as to secure the part stayed alone. When such bond has been approved by the clerk and filed, he shall issue a written order commanding the appellee and all others to stay proceedings on such order or judgment or on such part as is superseded, as the case may be. No appeal or stay shall vacate or affect the judgment appealed from." Code, section 3186. Section 3191 provides that "the

taking of the appeal from a part of a judgment or order and the filing of a bond as above directed does not cause a stay of execution as to any part of the judgment or order not appealed." And section 3192 is as follows: "If execution has issued prior to the filing of the bond above contemplated, the clerk shall countermand the same." It is manifest from the reading of these sections that it is proceedings on the judgment which are stayed, and not proceedings after the judgment or order is made. It follows, then, that a judgment or order which is self-executing is not superseded by the filing of a bond. We have so held as to judgments, and we think a like rule obtains as to orders. See *Jayne v. Drorbaugh*, 63 Iowa, 711 (17 N. W. Rep. 433); Elliott, App. Proc., section 392.

Now, the order made in this case was self-executing. No act of ministerial or other officer was needed to put it into effect, and, by the express terms of the statute quoted, the appeal or stay does not vacate or affect the judgment appealed from. Again, the appeal was from the ruling on the motion, not from the judgment, for the judgment had not been rendered. The statute says the taking of the appeal from a part of the judgment or order does not cause a stay of execution as to any part of the judgment or order not appealed from. The court was authorized to proceed with the trial of any issue not appealed from, and this it did. The bond given by the plaintiff recited that he had appealed from the judgment rendered by the district court of Sac county, and was conditioned to satisfy the judgment appealed from in case it should be affirmed. While it was given before the judgment was rendered, yet it was evidently contemplated that a judgment should be rendered, and the bond was given to stay execution thereon. It did not mention the order which is complained of as being erroneous, and was not conditional in such

manner as to cover this order independent of the final judgment. The plaintiff did not ask the court below to postpone the trial, as it is intimated he might have done in the case of *Stanley v. City of Davenport*, 54 Iowa, 463 (2 N. W. Rep. 1064), and (6 N. W. Rep. 706). Nor did he apply to this court or to a judge thereof for an order staying proceedings. He planted himself upon the broad proposition that, as soon as the notice was given and the bond filed, the court below lost jurisdiction of the case, and any order made by it thereafter was illegal, erroneous, and void.

For the reasons stated, we do not think the bond stayed the proceedings, nor do we think that the appeal from the order of the court on the motion to strike, deprived the court of jurisdiction, either of the parties or of the subject-matter remaining after the disposition of the motion. The court might, in the exercise of its discretion, have postponed the trial until the disposition of the appeal in this court, but this it was not asked to do. Had it been so asked, and had it refused, we do not think that it would have lost jurisdiction of the case, even if the refusal was error. See *Auzerais v. Superior Court* (Cal.) 36 Pac. Rep. 6. *Certiorari* proceedings are not for the correction of errors, nor will they lie when there is a plain, speedy, and adequate remedy at law, as by appeal. Code, section 3216; *State v. Roney*, 37 Iowa, 30; *Ransom v. Cummins*, 66 Iowa, 137 (23 N. W. Rep. 301); *Tiedt v. Carstensen*, 61 Iowa, 334 (16 N. W. Rep. 214). We reach the conclusion that the court had jurisdiction to enter the judgment, and that the writ of *certiorari* must be, and it is, DISMISSED.