FRANK ODELL, Appellant, v. W. H. COQUOLETTE, *et al.*

**Appealable Orders.** An order setting aside a default is not appealable, because it is not one which affects a substantial right and, in effect, prevents a judgment from which an appeal might be taken; and such appeal will be dismissed on the court's own motion.

*Appeal from Linn District Court.*—HON. WILLIAM THOMPSON, Judge.

SATURDAY, OCTOBER 23, 1897.

ACTION for the recovery of specific personal property. There was a default entered for plaintiff, because of a failure of defendants to appear. This default was entered April 9, 1896. April 28, 1896, the court, on motion of defendants, set aside the default, and plaintiff appealed from such ruling.—*Dismissed.*

*Arthur A. House* for appellant.

*A. J. Vinton* and *Giffen & Voris* for appellees.

GRANGER, J.—The appeal, as we have said, is from an order setting aside the default. The effect of the order was to permit a trial on the merits, and a judgment from which an appeal could be taken. Code, section 3164, specifies what orders are appealable. The only provision of the section that could be claimed to authorize an appeal in this case is subdivision 1, as follows: "An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken." In *Walker v. Pumphrey*, 82 Iowa, 487, in considering what orders are appealable, it is said that the question of whether one is rightly held to be in default does not pertain to the rights of the parties to a remedy, but simply to the course to be pursued to obtain a remedy; that such an order does not affect a substantial right, which "determines the action and prevents a judgment from which an appeal might be taken." In *Quinn v. Insurance Co.*, 82 Iowa, 550, speaking of certain rulings, it is said: "These were all matters pertaining to the practice, the course of proceedings in the case, and did not pertain to or affect the rights of the parties to remedies or defenses, if pursued as required by law. The same remarks are applicable to the order overruling the motion to strike, and for a default made by plaintiff." In this case the default had been entered, but, notwithstanding, the order did not prevent a judgment from which an appeal might be taken. From that judgment plaintiff might not desire to appeal. If he did, he could, with a proper record, have reviewed the ruling on the motion to set aside the default. The question we consider is jurisdictional, and we are required to take notice of it, whether presented by the parties or not. *Quinn v. Insurance Co., supra,* As we are without jurisdiction, the appeal is DISMISSED.