Northwestern Trading Company, Appellee, v. Western Live Stock Insurance Company, Appellant.

**APPEAL AND ERROR:** Decisions Reviewable—Overruling Motion
1  for More Specific Statement. An order overruling a motion for more specific statement is appealable; otherwise as to an order overruling a motion for the division of a petition into counts.

**APPEAL AND ERROR:** Review, Scope of—Challenge to Appeala-
2  bility of Order. In passing on a challenge to the appealability of an order overruling a motion for more specific statement, the court will not pass on the merits of such latter motion.

**APPEAL AND ERROR:** Effect of Appeal—Non-Final Orders—
3  Staying Trial in Lower Court. An appeal from an order overruling a motion for more specific statement does not necessarily act as a stay of the trial in the lower court.

*Appeal from Polk District Court.*—Thos. J. Guthrie, Judge.

Tuesday, June 26, 1917.

Opinion on motion to strike abstract and dismiss appeal.—*Motion to dismiss denied.*

*Stipp, Perry, Bannister & Starzinger,* (Thos. J. Graydon of counsel), for appellant.

*Dunshee, Haines & Brody,* for appellee.

Salinger, J.—I. The petition alleges that, on December 28, 1915, the defendant issued to the plaintiff its policy of insurance, whereunder it agreed to insure the plaintiff to the amount of $120 on each and every animal described in certain schedules thereto attached; that, by the terms of said policy, the insurance was to begin on December 28, 1915, and to cover the said animals until immediately previous to embarkation at sea-

1. Appeal and error: decisions reviewable: overruling motion for more specific statement.

board; that thereafter, and on various days between December 30, 1915, and January 30, 1916, in consideration of the required premium paid, defendant further issued to plaintiff certain riders or supplements to be attached to and form a part of the said policy theretofore issued, by which riders it undertook to insure the plaintiff against loss or damage to the certain animals described in these riders or supplements, in accordance with the terms of the original policy. True copies of the riders are said to be attached, marked Exhibits 2 to 59, inclusive. It suffices to say that finally an aggregate loss of $31,200 is sought to be recovered for and on account of losses said to be covered by the various instruments to which we have referred.

The defendant moved the court to enter an order requiring the plaintiff to divide this petition into divisions or counts. Defendant further moved the court for an order requiring plaintiff to make this petition more specific in some fourteen specified particulars. Both motions were denied. From these rulings defendant has perfected an appeal, and plaintiff is moving to strike the abstract of appellant and to dismiss said appeal. This last motion asserts that the orders appealed from do not constitute appealable orders.

II. We shall not pass upon whether the overruled motions were in truth well made. That must be reserved for the time when, if ever, we determine the appeal. Many actions of trial courts from which we must entertain an appeal are affirmed. It follows that the right to appeal does not depend upon whether the appeal is meritorious. It follows in turn that, in passing upon whether there is the right to appeal, we are not at liberty to take into consideration whether, though appeal be allowed, it should on final hearing be not sustained.

2. Appeal and error: review, scope of: challenge to appealability of order.

III. *Cook & Wheeler v. Chicago, R. I. & P. R. Co.,*

75 Iowa 169, holds that no appeal will lie from the granting of a rule to produce books and papers. It grounds its decision upon consideration of specified parts of the statute which do not allow an appeal from such an order. It entirely overlooks Subdivision 3 of the statute, which permits appeal from an order that grants or refuses, continues or modifies a provisional remedy. *Devier v. Economic Life Assn.*, 106 Iowa 682, merely follows the *Cook* case without discovering the error in the *Cook* case. We have held that no appeal will lie from granting or denying change of venue (*Allerton v. Eldridge*, 56 Iowa 709; *Horak v. Horak*, 68 Iowa 49); nor from an order denying default for want of pleading (*Quinn v. Capital Ins. Co.*, 82 Iowa 550); nor from an order of continuance (*Jaffray v. Thompson*, 65 Iowa 823; *Theis v. Chicago & N. W. R. Co.*, 107 Iowa 522); nor from one setting the case down for trial as an equitable action (*First National Bank v. Dutcher*, 128 Iowa 413, at 425); nor from one refusing to strike an application for permission to amend (*Allen v. City of Davenport*, 115 Iowa 20); nor from one refusing to strike a pleading (*Walker v. Pumphrey*, 82 Iowa 487); nor from an order sustaining a motion to set aside the overruling of a demurrer; nor from an order overruling a motion to strike that motion (*Quinn v. Capital Ins. Co.*, 82 Iowa 550). Also held, appeal will lie from overruling a motion which assails material matter and is in effect a demurrer (*Seiffert & Wiese Lbr. Co. v. Hartwell*, 94 Iowa 576, at 578; *Bicklin v. Kendall*, 72 Iowa 490). It will lie from the striking out of material matter (*Mast v. Wells*, 110 Iowa 128; *Haworth v. Crosby*, 120 Iowa 612). We have held that no appeal will lie from striking out immaterial matter or from overruling a motion to strike such matter (*Allen v. Church*, 101 Iowa 116; *Specht v. Spangenberg*, 70 Iowa 488). An appeal will not lie from the suppression of depositions on the ground that they were taken from the clerk's office by plaintiff's attorney contrary

to the provisions of the Code (*Baldwin v. Mayne,* 40 Iowa 687) ; nor from the admission or exclusion of evidence (*Richards v. Burden,* 31 Iowa 305, 306) ; nor from an order regulating time of filing answer to interrogatories (*Free v. Western Union Telegraph Co.,* 135 Iowa 69, at 72) ; nor from one sustaining exceptions to interrogatories (*State v. Arns,* 72 Iowa 555, at 556) ; nor from admitting evidence after remand (*Garmoc v. Sturgeon,* 67 Iowa 700).

IV. In *Schoenhofen Brewing Co. v. Giffey,* 162 Iowa 204, the test of appealability is said to be whether the question is or will be inherent in the final judgment and may be presented on appeal from that judgment. If the ruling is of such a nature and affects rights in such a manner that they cannot be protected by appeal from the final judgment, then an appeal will lie. But if the question involved will inhere in the final judgment and can be presented in an appeal from that judgment, it will be treated as an interlocutory order, review of which can only be had upon the general appeal. We say, in *State v. Des Moines City R. Co.,* 135 Iowa 694, at 717 :

"Ordinarily every substantial right of the parties can be effectually protected by preserving a proper record, and presenting the questions thus saved, upon appeal from final judgment."

It is in view of this that we declare that it is not the policy of the law to permit either party to a controversy to prolong litigation and embarrass the courts of justice by prosecuting an appeal from every interlocutory ruling of a trial court. We have, however, held in many cases that an error in overruling a motion to make more specific is waived by answering. See *Hurd v. Ladner,* 110 Iowa 263, 264; *Kelly v. Incorporated Town of West Bend,* 101 Iowa 669, 671; *Manatt v. Shaver,* 98 Iowa 353, 356, 357; *Wattels v. Minchen,* 93 Iowa 517; *Ida County v. Woods,* 79 Iowa

148; *Mann v. Taylor,* 78 Iowa 355; *Randolf v. Town of Bloomfield,* 77 Iowa 50; *Kline v. Kansas City, St. J. & C. B. R. Co.,* 50 Iowa 656; *Shugart & Lininger v. Pattee,* 37 Iowa 422, 424; *Coakley v. McCarty,* 34 Iowa 105, 107; *Rea v. Flathers,* 31 Iowa 545.

In view of these, it gets nowhere merely to prove that many orders of court are not appealable. That this is so throws no light upon the question whether, if proceeding with the trial or pleading further of necessity works a waiver, and so leaves the party without redress from such ruling, it can then be said that such ruling does not materially affect the final determination, although, by reason of the waiver, no appellate review may be had on appeal from an adverse final judgment. Here, the defendant moves that the petition be made more specific. Assume a case where that is done in good faith. Assume that what is asked for is necessary to an intelligent defense. The application is denied. If the party then answer, any error in the denial is waived—which means that it never can be reviewed. We think this cannot be so. The denial of a sound motion of this kind, of necessity affects the final decision; for, in the supposed case, the unsuccessful movent must make an inadequate defense, which may well affect the merits. It is no answer that many such motions are not well made. As said, that we must determine on final hearing rather than upon a challenge of appealability. We must make a rule which operates upon all such motions. We cannot limit the rule to good motions without turning the question of appealablity into a review of the merits of the appeal.

In our opinion, appeal lies from the

3. APPEAL AND ERROR: effect of appeal: non-final orders: staying trial in lower court.

overruling of a motion to make petition more specific. But we are not determining what effect appeal from such ruling is to have on the trial of the cause. That will

have to be controlled by the action of the trial court on a determination of whether the motion is frivolous, and it may proceed with the trial unless stayed by order of this court.

The nearest approach which *Barnes v. Century Savings Bank,* 149 Iowa 367, makes to sustaining the position of the appellee is its declaration that a ruling requiring plaintiff to make the allegations of his reply more specific "would not ordinarily be appealable." The distinction seems clear. First, if there be error in requiring the allegations of the reply to be made more specific, the party making reply is not compelled to plead further; and if there be error in requiring the reply to be thus amended, the error can be reviewed if final judgment go against the party who was required to amend. Second, no substantial injury, such as may result from compelling a defense to a petition which is not sufficiently specific, can ever flow from obliging the pleader to make his pleading needlessly specific.

V.  But it does not follow that we must make the like determination on overruling a motion demanding that a petition be divided into counts and divisions. While it is true that pleading over waives error in this regard, that is not controlling. To be appealable, pleading over must operate as a waiver. But that does not mean that an order is appealable merely because pleading over will operate as a waiver. There must be something in addition to indicate that something substantial will be lost because of the waiver. We have pointed out that this may result where a motion for more specific statement is overruled. We cannot perceive how the movent can suffer any tangible prejudice by being compelled to go to trial on a petition which should be divided and is not. For, after all, this does not create a handicap upon making proper defense, but at most it makes it more inconvenient to defend. For, though the

petition be not divided, it still advises of all it contains to be defended against.

The appeal from the ruling last referred to will be dismissed. The motion to dismiss the appeal from the first ruling will be denied.

GAYNOR, C. J., LADD, PRESTON and STEVENS, JJ., concur.