FRED E. BARBER, Appellant, v. J. C. SHATTUCK, Appellee.

MARCH 5, 1929.

J. P. Shoup, for appellant.

Prichard & Prichard, for appellee.

KINDIG, J.—The district court gave appellant default judgment against appellee. Thereafter, appellee made a timely motion to set aside the default, whereupon the district court allowed the application, and vacated the judgment. From that judicial action appellant is now attempting to appeal. Does he have the right so to do? We are constrained to answer in the negative.

In *Odell v. Coquolette*, 103 Iowa 435, we said:

"* * * the default had been entered, but, notwithstanding,

the order [setting aside the default] did not prevent a judgment from which an appeal might be taken. From that judgment plaintiff might not desire to appeal. If he did, he could, with a proper record, have reviewed the ruling on the motion to set aside the default. The question we consider is jurisdictional, and we are required to take notice of it, whether presented by the parties or not."

Again, in *Sioux County v. Kosters*, 194 Iowa 1300, the principle was reaffirmed. However, in the *Kosters* case, the appeal was not dismissed, but rather, the trial court was affirmed. That, nevertheless, was done, not as a matter of right, but as an act of grace.

Section 12885 of the 1927 Code has no application to the case at bar, because here the order was inherently unappealable, while the matters referred to in that legislation are those wherein, by amendment of the abstract or otherwise, jurisdiction can be made to appear. Amendment of the record in this case could not present a jurisdictional question, because the order is shown by and in itself to be unappealable. Hence, under the authorities aforesaid, we have no jurisdiction of the appeal, and accordingly it must be, and hereby is, dismissed.—*Appeal dismissed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.