ED WELTY, Appellant, v. DES MOINES MUTUAL INSURANCE ASSOCIATION, Appellee.

No. 40734.

FEBRUARY 17, 1931.

*Marks & Marks,* for appellant.

*Jepson, Struble & Sifford,* for appellee.

DE GRAFF, J.—The defendant, Des Moines Mutual Insurance Association, executed and delivered its policy on May 11, 1929, to the plaintiff (appellant), Ed Welty, insuring his share of the crop on certain described real estate in Woodbury County, Iowa, for the year 1929. A hailstorm occurred June 30, 1929.

The petition in this cause was filed on the 18th day of February, 1930. The next term of the district court of Woodbury County, Iowa, commenced March 3, 1930. On the 10th day of March, the plaintiff took default judgment against the defendant in the sum of $4,000, which represented, as alleged, a total loss of the crops in question through hail damage. On the 25th day of March, 1930, the defendant insurance company filed its application or motion to set aside the default, accompanied by affidavit of merits and its answer to the petition. This was in conformity to the statute. Section 11589, Code, 1927.

It appears from the affidavit of merits filed by the defendant that plaintiff's original notice was, upon its receipt by the defendant insurance company, sent to the legal firm of Jepson, Struble & Sifford, Sioux City, Iowa. The envelope containing the original notice was lost, and the firm of attorneys to whom it was addressed never received same. The non-delivery of the envelope may not be said to have happened through any fault of the party sending the same.

The proposition involved on this appeal is readily determined. *Barber v. Shattuck,* 207 Iowa 842, is *stare decisis* here. In that case the plaintiff commenced action against the defendant for damages growing out of false and fraudulent pretenses. There was a judgment by default. The defendant made application to set aside the default, and relief was granted, and the trial court vacated the judgment. It is said in opinion:

"From that judicial action, appellant is now attempting to appeal. Does he have the right so to do? We are constrained to answer in the negative."

It was held that an order setting aside a default judgment is nonappealable. It must be borne in mind that we are not dealing

with an order that "grants or refuses a new trial," within the meaning of Section 12823, Paragraph 3, Code, 1927.

The appeal is—*Dismissed*.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.