L. A. and JAMES KIRK, Administrators, Appellants, v. P. T. and P. M. BETZ, Appellees.

No. 41769.

SEPTEMBER 26, 1933.

S. G. Van Auken, for appellants.

Joseph F. Smith and Ed R. Brown, for appellees.

DONEGAN, J.—The default and judgment in this case were entered on the 9th day of December, 1931, which was a day of the regular November term of the Polk county, Iowa, district court. On December 24, 1931, being within the term at which the default and judgment were rendered, defendant P. T. Betz filed a motion for an order to vacate such default and judgment. Defendant later filed three amendments to his motion. Plaintiffs filed resistance to the motion and all amendments thereto. The motion and amendments of the defendant and the resistance of the plaintiffs were supported by affidavits.

On the 28th day of January, 1932, the court entered the following order:

"Now, on this 28th day of January, 1932, this cause coming on for hearing upon motion to set aside judgment against P. T. Betz, the court being fully advised in the premises, motion to set aside default and judgment as to P. T. Betz is sustained."

From this order the plaintiffs appeal.

As the order appealed from is not an appealable order, this court is without jurisdiction to consider the appeal. In the case of Odell v. Coquolette, 103 Iowa 435, 72 N. W. 670, this court said:

"The effect of the order was to permit a trial on the merits, and a judgment from which an appeal could be taken. Code, section 3164, specifies what orders are appealable. The only provision of the section that could be claimed to authorize an appeal in this case is subdivision 1, as follows: 'An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken.' In Walker v. Pumphrey, 82 Iowa 487, 48 N. W. 928, in considering what orders are appealable, it is said that the question of whether one is rightly held to be in default does not pertain to the rights of the parties to a remedy, but simply to the course to be pursued to obtain a remedy; that such an order does not affect a substantial right, which 'determines the action and prevents a judgment from which an appeal might be taken.' In Quinn v. Insurance Co., 82 Iowa 550, 48 N. W. 935, speaking of certain rulings, it is said: 'These were all matters pertaining to the practice, the course of proceedings in the case, and did not pertain to or affect the rights of the parties to remedies or defenses, if pursued as required by law. The same remarks are applicable to the order overruling the motion to strike, and for a default made by plaintiff.' In this case the default had been entered, but, notwithstanding, the order did not prevent a judgment from which an appeal might be taken. From that judgment plaintiff might not desire to appeal. If he did, he could, with a proper record, have reviewed the ruling on the motion to set aside the default. The question we consider is jurisdictional, and we are required to take notice of it, whether presented by the parties or not."

See, also, Sioux County v. Kosters, 194 Iowa 1300, 191 N. W. 315; Barber v. Shattuck, 207 Iowa 842, 223 N. W. 864, 865; Baker v. American Ry. Express Co., 207 Iowa 1350, 224 N. W. 513; Welty v. Des Moines Mut. Ins. Ass'n, 211 Iowa 1135, 235 N. W. 80; Wagoner v. Ring, 213 Iowa 1123, 240 N. W. 634.

It may be claimed by the appellants that the motion filed by the appellee P. T. Betz was not a sufficient compliance with the requirements of section 11589, of the Code. Even if this be true, it does not change the situation presented to this court. The motion was filed within term time, and was sustained by the trial court. In the case of Sioux County v. Kosters, supra, aside from the filing of the motion itself, there was no attempt made to comply with the provisions of the statute. This court held that the order was not appealable, but, instead of dismissing the appeal, affirmed the order

of the trial court. In the case of Barber v. Shattuck, supra, we re-affirmed our previous holdings, and said:

"Again, in Sioux County v. Kosters, 194 Iowa 1300, 191 N. W. 315, the principle was reaffirmed. However, in the Kosters case, the appeal was not dismissed, but rather the trial court was affirmed. That, nevertheless, was done, not as a matter of right, but as an act of grace."

As we are without jurisdiction, the appeal is dismissed.—Appeal dismissed.

ALBERT, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.