MILO KULHAVY, appellant, v. F. E. RUGGER, appellee.

No. 47644.

(Reported in 41 N.W. 2d 664)

Edward L. O'Connor, of Iowa City, for appellant.

M. E. Baker, of Oxford, and Messer, Hamilton, Cahill & Bartley and Will J. Hayek, all of Iowa City, for appellee.

MULRONEY, J.—On June 15, 1949, plaintiff filed his petition at law against the defendant, a veterinarian, alleging damages in the sum of $891 based on the alleged negligence of defendant in vaccinating plaintiff's hogs. Original notice was served on the defendant on June 16, 1949, and on July 12, 1949, the clerk entered default against defendant for lack of pleading or appearance. Thereafter, on July 16, 1949, plaintiff proved up his case in an ex parte hearing before the court and judgment was rendered as prayed. Three days later defendant filed his motion to set aside the default and the judgment based thereon, alleging the default and judgment were the result of "mistake, inadvertence, surprise, and excusable negligence." The motion was supported by affidavits. The plaintiff filed a resistance to the motion and a hearing was had on September 26, 1949, wherein both sides introduced evidence. On October 4, 1949, the trial court entered an order sustaining the motion and setting aside the default and judgment and, on October 10, 1949, the plaintiff perfected his appeal to this court from such order, filing his printed record here on January 4, 1950. On January 30, 1950, defendant filed his motion to dismiss the appeal on the ground that an order setting aside a default judgment is not appealable, and it is this motion that is now before us for decision.

I. We have often held that an order setting aside a default judgment is not appealable. Odell v. Coquolette, 103 Iowa 435, 436, 72 N.W. 670, 671; Sioux County v. Kosters, 194 Iowa 1300, 191 N.W. 315; Barber v. Shattuck, 207 Iowa 842, 223 N.W. 864; Baker v. American Ry. Exp. Co., 207 Iowa 1350, 1351, 224 N.W. 513, 514; Kirk v. Betz, 216 Iowa 1020, 250 N.W. 182.

522

It may be noted that no application for leave to appeal under rule 332, R.C.P. was made.

II. There is no use repeating what we said in the foregoing opinions to the effect that such an order is not appealable. Plaintiff does not attempt to distinguish the cases but he points out the motion to dismiss the appeal and the trial court's order were under rule 236, R.C.P., and this court has never held that such an order setting aside a default judgment was not appealable since said rule was adopted. The rule merely broadened the statute (section 11589, Code, 1939) it superseded, fixing a new time (within sixty days) for the filing of a motion to set aside a default judgment in lieu of the expiration of the term. It adds nothing to the appealable character of the court's ruling.

III. Plaintiff also argues the motion to dismiss should be overruled because not filed in this court within twenty days after the filing of the printed record within the provision of rule 348, R.C.P. (as amended February 1, 1946). But we held in Odell v. Coquolette, supra: "The question [of the appealability of an order setting aside a default judgment] is jurisdictional and we are required to take notice of it, whether presented by the parties or not."

And in Baker v. American Ry. Exp. Co., supra, we said:

"Though no motion to dismiss is made in this case, and the question of the appealability of the order is not raised by appellee, yet, following the Barber case [Barber v. Shattuck, 207 Iowa 852, 223 N.W. 864], it is our duty to take notice of the non-appealability of the order here attempted to be appealed from."

To the same effect see Kirk v. Betz, supra. In Hubbard v. Marsh, 1948, 239 Iowa 472, 473, 32 N.W.2d 67, decided since the above rule went into effect, we dismissed an appeal, though no motion to dismiss was filed when the question was "as to the jurisdiction of this court to entertain the appeal."

The appeal is dismissed.

All JUSTICES concur.