## Perry v. Heighton *et al.*

1. Interrogatories: PLEADING: EVIDENCE. Section 2991 of the Revision establishes a rule of evidence merely, and while the interrogatories unanswered, and the affidavit therein prescribed, constitute proof of the claim upon which judgment may be rendered on the trial, they do not entitle the party to a judgment without trial, and immediately upon the filing of the affidavit and the failure to answer.

2. —— NONSUIT. And after the failure of the plaintiff to answer the interrogatories propounded by the defendant, and the filing of the affidavit by the latter, the plaintiff may, against the objection of the defendant, have his action dismissed.

*Appeal from Marshall District Court.*

FRIDAY, JANUARY 29.

ACTION on a promissory note by an indorsee. Defense, fraud and failure of consideration, of which plaintiff had knowledge; and that the note sued on is still the property of the payee and is not plaintiff's. The further facts are stated in the opinion. The defendants appeal.

*Henderson & Binford* for the appellants.

No appearance for the appellee.

COLE, J. — At the appearance term, the defendants filed their answer, setting up that plaintiff was not the owner of the note; that it was assigned to him to avoid the defense, and that it was obtained by fraud, and the consideration therefor had failed. Interrogatories were annexed to the answer, pursuant to Revision, sections 2985 to 2992, evidently framed with a view to proving the defense by the answers thereto. The plaintiff's attorney filed an affidavit for continuance, showing that the defense was a surprise, and that by reason of plaintiff's absence no answers to the interrogatories could be filed during the term, and the cause was continued. At the succeeding term, no answers to the interrogatories having been filed, the defendants filed their affidavit, that they verily believed the answers were within plaintiff's knowledge, and if truly made, would sustain the defense. They then filed their motion for judgment for defendants upon their answer and interrogatories, whereupon the plaintiff asked to dimiss the action at his own costs. The

*[margin note: 1. INTERROGA-TORIES: pleading: evidence.]*

court overruled the motion for judgment, and dismissed the cause at plaintiff's costs.   This action of the court is assigned by the defendants as error.

The claim by the defendants, that the court erred, is based on Revision, section 2991 : " Where a party filing interrogatories shall also file an affidavit that he verily believes the subject of the interrogatories, or any of them, is within the personal knowledge of the opposite party, and that his answers thereto, if truly made from such knowledge, will sustain the claim or defense, or any part thereof, and the opposite party shall fail to answer therein within the time allowed therefor, or by the court extended, the claim or defense, or any part thereof, according to such affidavit, shall be deemed to be sustained, and judgment given accordingly."   Without deciding upon this claim of the defendants, if it rested alone upon this section, we remark, that this section must be construed in connection with other sections of the Code bearing upon the same subject.   Immediately following the section above quoted is section 2992 : " The court may compel answers to interrogatories by process of contempt, and may, on the failure of the party to answer them, after reasonable time allowed therefor, dismiss the petition, or quash the answer of the party so failing."

Again, it is provided by section 3127 : " An action may be dismissed, and such dismissal shall be without prejudice to a future action : first, by the plaintiff before a final submission of the case to the jury, or to the court when the trial is by the court."   *   *   *

2. —— nonsuit.

Construing these sections, and those relating to interrogatories, together, we hold, that section 2991 establishes a rule of evidence, and that the interrogatories unanswered, and the affidavit, constitute proof of the claim or defense, and on the trial, judgment shall be given accordingly.  But it does not entitle the party to a judgment without trial,

and immediately upon the filing of the affidavit and the failure to answer. To hold that the party would be thus immediately entitled to judgment, would override section 3127 not only, but would practically nullify the right to a jury trial; and in causes involving several issues, to some of which the interrogatories were not directed, there would of necessity be two or more judgments — one, on motion, without trial, based on the affidavit and interrogatories, and another on the final trial of the cause.

The argument against this view, based upon the idea that great hardship must result from it, since the party is brought into court, and put to the trouble and expense of counsel, and the preparing interrogatories and affidavit, and then may be dismissed and liable to be again sued, is fully answered by the thought, that if he had subpoenaed his witnesses and had them in court ready to prove, and had proved on a trial, the same facts, the right of the plaintiff to dismiss at any time before final submission is both unquestioned and unquestionable. The hardship is no greater in the one case than the other, and no argument can be derived therefrom in support of the appellant's case. The plaintiff had a right to dismiss his action and the court did not err.

Affirmed.