LYMAN & CO. v. BECHTELL & ROSS ET AL.

TRIAL ON DEFAULT: EVIDENCE: CROSS-EXAMINATION.

*Appeal from Story Circuit Court.*

FRIDAY, APRIL 21.

THIS cause was before the court at a former term. See 55 Iowa, 437, for a full statement of the status of the cause when the present trial to the court was had. Judgment was rendered for the plaintiffs and defendants appeal.

*J. S. Frazier,* for appellants.

*J. S. Thompson,* for appellees.

SEEVERS, CH. J.—But two exceptions were taken to the rulings of the court. The plaintiffs introduced evidence tending to prove the account sued on, and the defendants appeared by counsel and asked leave to object to the evidence, which was denied by the court, and the defendants excepted. As the defendants were in default, there was no error in this ruling because the statute provides: " The party in default may appear at the time of the assessment and cross-examine the witnesses against him, but for no other purpose." Code, § 2873.

When this case was before us at a former term, it was held there were certain specified items of the account which could not be established by the verified petition and account attached thereto. The plaintiff introduced a witness whose testimony tended to prove the items aforesaid. Said witness had verified the petition and account attached thereto. The defendants sought to cross-examine him in relation to items in the account about which he did not testify when on the stand as a witness. This was denied, and defendants excepted. Under the foregoing statute there was no error in this ruling. The defendants had the right to cross-examine each witness as to what he may have testified to on the stand. Beyond this they had no right to go.

Other matters are discussed by counsel, but as no other exceptions were taken below, it is useless to follow counsel to any greater extent.

AFFIRMED.