H. DASHNER, Appellant, v. MILLS COUNTY, Appellee.

88    401
j138   256

88    401
140   559

**Public Ditches:** NEGLIGENCE IN CARING FOR: LIABILITY OF COUNTY. A county is not liable in damages for negligently constructing or failing to keep open a ditch constructed under section 1207 of the Code, which authorizes the construction of ditches wherever the same will be conducive to the public health, convenience or welfare.

*Appeal from Mills District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 20, 1893.

ACTION to recover damages to crops by being overflowed in consequence of the negligent construction and abandonment of a certain ditch by the defendant county. The defendant demurred to the petition, and the demurrer being sustained, and the plaintiff electing to stand upon his petition, judgment was entered against him, from which he appeals.—*Affirmed.*

*Smith McPherson* and *Shirley Gillilland*, for appellant.

*E. B. Woodruff* and *L. T. Genung*, for appellee.

GIVEN, J.—The plaintiff, for his cause of action, alleges that he is the owner of certain lands situated in Mills county; that some years ago the defendant county constructed a ditch across or adjoining said lands; that said ditch was negligently constructed, has been abandoned, and is a nuisance; that in two actions in the district court wherein the defendant county was a party, said ditch was adjudged to be a nuisance, and the defendant ordered to abate the same by repairing

VOL. 88—26

and reconstructing, which the defendant has wholly failed to do; that by reason of such neglect and refusal said ditch, in the spring of 1890, overflowed the plaintiff's land, and damaged and destroyed his growing crops thereon, to the value of one thousand, nine hundred and forty-five dollars; that the plaintiff could not replace said crops for that year, nor repair said ditch so as to prevent the damage, without the expenditure of a sum of money greater than the damage; that he filed his claim with the auditor, and demanded payment, which was refused by the defendant's board of supervisors. He attaches as exhibits, transcripts of the records in the two cases mentioned. The defendant county demurred upon the following grounds:

"*First.* A county is not liable for a negligent construction of a public ditch.

"*Second.* A county is not liable for damages caused by the overflow of a ditch constructed under its direction.

"*Third.* The petition does not allege that the county has now, or has had at any prior date, any funds realized from the special assessments provided for by law for the repair of said ditch."

This ditch was constructed under authority given in section 1207 of the Code, which authorizes the construction of ditches "whenever the same will be conducive to the public health, convenience or welfare."

The discussion may be reduced to the single question: Is a county liable in damages for negligently constructing or failing to keep open a ditch constructed under authority of said section? The cost of constructing and re-opening such ditches is paid for by an equitable apportionment thereof among the owners of the land benefited by the ditch, as provided in section 1214 of the Code. It is not payable out of the general fund of the county, nor by assessment upon all the taxable property in the county. In *Mills*

*County Nat. Bank v. Mills County*, 67 Iowa, 697, it was held that one holding warrants against the ditch fund was entitled to judgment thereon, and to the forcement of payment by the levy of a tax in obedience to the provisions of the statute. Clearly, such a judgment could not be paid out of any other than the ditch fund. In *Green v. Harrison County*, 61 Iowa, 311, the precise question under consideration was passed upon. In distinguishing between that case and those wherein damages have been allowed against counties for negligence in the construction and maintenance of bridges, the court says: "Bridges are constructed for the benefit of the general public. The ditch in question was constructed more particularly for the benefit of abutting owners. The benefit to them was direct, while the general public is only remotely and incidentally affected. We are not disposed to extend to ditches the rule that has been held to apply to bridges. There is a clear distinction between the two." See, also, *Nutt v. Mills County*, 61 Iowa, 754, where the same rule was applied.

The appellant cites and relies upon *Kincaid v. Hardin County*, 53 Iowa, 430, wherein the plaintiff sought to recover for alleged negligence in the construction of the defendant's courthouse, and in failing to keep it properly lighted. In that case this court refused to extend the rule applied in the case of bridges, and held that the defendant county was not liable. A noticeable distinction between that case and this is, that the courthouse was for the use of the entire county, was an improvement which the county was required to have, and which was paid for by general taxation, while in this case the ditch was not for the benefit of the whole county, nor was it to be paid for or maintained by assessment upon all the property of the county.

At first it seems to be a harsh rule that denies to

a person who has suffered damages, as alleged in this petition, the right to recover, but parties so situated are not without remedy. Had the party proceeded, as he might have done, upon the judgment set out in his petition, to compel the levy of a tax, as authorized by the statute, for the re-opening of the ditch and putting it in proper condition, he would have saved himself from the damages which he claims to have suffered.

Following what is so well expressed in *Kincaid v. Hardin County*, 53 Iowa, 430, as to extending the rule applied to bridges, we must hold that the demurrer was properly sustained, and affirm the judgment of the district court. AFFIRMED.