## J. W. WOODCOCK v. THE HAWKEYE INSURANCE COMPANY, Appellant.

**Practice:** MOTION IN ARREST. Under McClain's Code, section 1734, prohibiting the bringing of an action to recover on an insurance policy within ninety days after notice of loss is given, where an action is brought before the expiration of such time, the objection may be raised by motion in arrest of judgment, and is not waived because not sooner made.

*Appeal from Monroe District Court.*—HON. W. I. BABB, Judge.

### THURSDAY, APRIL 9, 1896.

ACTION on a policy of fire insurance. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*J. B. Johnson* and *George R. Sanderson* for appellant.

*T. B. Perry* for appellee.

GRANGER, J.—To a part of defendant's answer there was a demurrer, which the court sustained, and from the ruling the defendant appealed The cause then proceeded to trial on other issues, and a judgment was entered on a verdict returned for the plaintiff, from which the defendant also appealed. On motion in this court, the two appeals are consolidated for trial.

After verdict, the defendant moved in arrest of judgment, on the ground, among others, that the action was prematurely brought. The loss occurred May 30, 1894. The notice and proofs of loss were afterwards served, and the original notice was placed in the hands of the sheriff for service August 18th,

and served August 31, 1894. The action is said to be premature, because begun within ninety days after the notice of loss was given. The law provides for the giving of notice of loss in such cases, and that "no action shall be begun within ninety days after notice of such has been given." McClain's Code, section 1734. It is a fact that the suit was commenced within the prohibited period, but it is contended that, because of appellant's course of procedure on the trial, the objection is waived. This contention is based on the facts as to the appearance, filing of motions, answers, demurrer, and rulings thereon, the first appeal, the trial on the merits and verdict, during which time no intimation was made that the action was premature. It is definitely settled in *Taylor v. Insurance Co.*, 83 Iowa, 402 (49 N. W. Rep. 994), that such an objection may be raised by motion in arrest of judgment. In this proceeding, before verdict, there was nothing said or done with reference to the fact of the action being premature, so that appellee might understand, because of such action, that appellant waived such objection; but the complaint is because of silence as to that particular objection, while other questions were presented. A motion in arrest is to be presented before judgment, to prevent a judgment that would otherwise be entered on the record in the case. It is difficult to see how mere silence could operate as a waiver of the right to present such a motion. The fact which is the basis for such a motion, was as well known to appellee as to appellant, so that there was no suppression of facts to mislead a party. Appellee's thought is that it is a defensive matter, and should have been pleaded, or notice given of it pending the trial. No such a rule obtains to our knowledge. It would be a strange rule that would require a party to plead, or give notice of facts before verdict, which he intended

to use after verdict, as a basis of a motion in arrest. It is said in *Taylor v. Insurance Co., supra*, that the statute forbids the action to be brought before the prescribed time, and, as we have said, that where it is done, a motion in arrest is the proper way to present the objection. In *Wilhelmi v. Insurance Co.*, 86 Iowa, 326 (53 N. W. Rep. 233), it is held that the company cannot waive the provisions of the statute as to the time of commencing such an action. The cases are absolutely conclusive of the proposition we are considering. As the action is prematurely brought, it must be abated, and the judgment is REVERSED.