MATHIAS THEIS, Appellant, v. THE CHICAGO & NORTHWEST-ERN RAILWAY COMPANY.

**Amendment and Answer.** A petition to which no interrogatories to defendant are attached (McClain's Code, section 3899) cannot, after issue joined, be refiled, with interrogatories, under the guise of an amendment.

SAME. Plaintiff who amends written petition during the trial term by attaching interrogatories thereto, has no right to refile the petition so as to compel defendant to answer it a second time.

**Interrogatories.** Interrogatories to a defendant (McClain's Code, section 3899) accompanied a so-called "substituted petition," which was practically the same as the original, filed at the trial term, after the case had been pending several months, though plaintiff had early become aware that defendant was his only source

of procuring the testimony sought to be elicited by the inter-
rogatories, and also that defendant could answer only through
agents. *Held*, that as plaintiff's delay was without excuse, and
as it would have resulted in a continuance to let the interrogatories
stand, exceptions to them were properly sustained.

**Continuance.** Plaintiff is not entitled to a continuance to await the
result of an appeal he intends to take from a ruling sustaining
exceptions to interrogatories filed with petition, on the answer to
which he is compelled to reply to prove his case, even if such
order be appealable.

**Ruling: RECONSIDERATION.** Defendant moved to strike a so-called
"amended petition," with interrogatories attached, on the ground
that the petition was the same as the original, which had already
been answered. The motion was overruled, and defendant re-ans-
wered, and excepted to the interrogatories, on the ground that
they were not filed until after issue joined, none having been
annexed to the original petition. *Held*, that the court might
reconsider its ruling on the motion, and sustain the exception.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH,
Judge.

FRIDAY, FEBRUARY 3, 1899.

AT the November term, 1895, of the Sac district court,
plaintiff filed his petition in this case, claiming damages for
personal injuries caused by the negligence of defendant com-
pany. Defendant answered, putting in issue the charges
made, and to the answer a reply was interposed. The cause
being thus at issue at the spring term, 1896, an order was then
made assigning it for trial as the first jury case at the August
term following of said court. On August 13, 1896, plaintiff
filed what he called an "amended and substituted petition."
This was precisely the same as the original petition, save that
attached to it were thirty-nine interrogatories for defendant
to answer. On August 29th, defendant moved to strike the
substituted petition and interrogatories, on the ground that
the petition was the same as the one already answered, and
that defendant was prepared to go to trial on the issues as
made. This motion was overruled. Thereafter, defendant
answered the substituted petition, and filed exceptions to the

interrogatories. Among these exceptions, it was urged that the interrogatories were not attached to the original petition, and were not filed until after the cause was at issue. There was a motion by plaintiff to strike these exceptions. The motion was overruled, and the exceptions sustained. Plaintiff then applied for a continuance of the cause, alleging that he would appeal from the trial court's ruling on the exceptions to the interrogatories, and asking that further proceedings in the cause be suspended until the appeal could be heard. This application was overruled. Thereafter a jury was impaneled for trial of the action. Plaintiff refusing to offer any evidence, the court directed a verdict for defendant. This was returned and judgment rendered thereon in defendant's favor for costs. Plaintiff appeals.—*Affirmed.*

*I. S. Struble* and *C. R. Metcalf* for appellant.

*Hubbard & Dawley, W. A. Helsell,* and *C. D. Goldsmith* for appellee.

WATERMAN, J.—If it be conceded that plaintiff had a right to amend his original petition in August by attaching interrogatories thereto, yet we do not think he had any right to refile that pleading, which is practically what he did, and thus compel defendant to answer it a second time. Defendant's motion to strike this pleading should have been sustained. Substantially this ground, among others, was set up in the exceptions to the interrogatories. If the trial court sustained the exceptions on this ground, and thus, in part, reconsidered its former ruling, the plaintiff has no just ground of complaint. We may say, further, in this connection, that plaintiff averred that he knew of no other source from which he could procure the testimony that he sought to elicit by these questions. He must have been aware of this fact at an early stage of this pro-

ceeding, yet he waited until almost the eve of the trial before filing the interrogatories. We have a right to take into consideration a fact that the plaintiff should have considered also, and that is that the defendant could answer only through some officer or agent. Indeed, when we consider the character of the questions, we are sure that the information would have to come from many agents. It was therefore manifest that it would require considerable time to make proper responses. Had these interrogatories been permitted to stand, it would necessarily have postponed the trial. Plaintiff offers no excuse for his delay. On this ground, we think the action of the trial court can be sustained. *Jones v. Berryhill,* 25 Iowa, 289. Negligence in procuring testimony in this way is no more excusable than it is where the customary and usual methods are resorted to. It is true that the trial was not in fact had in August, but, so far as we can see, this was only because of the time taken in disposing of the questions raised by the filing of these interrogatories.

II.   It is further charged that the trial court erred in not continuing the action, on plaintiff's application, to await the result of an appeal from its rulings sustaining the exceptions to the interrogatories. What we have already said, perhaps, renders it unnecessary that any special attention be given to this point. We may add, however, that there was no error in denying such a general request. Moreover, it is questionable if an appeal would lie from such an order. Code 1873, section 3164; *Baldwin v. Mayne,* 40 Iowa, 687; *Cook v. Railroad Co.,* 75 Iowa, 169.— AFFIRMED.