MARTIN H. FREE v. THE WESTERN UNION TELEGRAPH CO.,
· Appellant.

**Interrogatories attached to pleadings:** OBJECTIONS: WAIVER. A party by assenting through his attorneys to an order requiring answers to interrogatories attached to a pleading, waives the right to object to the regularity or propriety of propounding the inquiries.

**Same.** The statute does not require that interrogatories must be attached to the original pleading but in the discretion of the court this may be done by way of amendment.

**Same.** The statute contemplates that the propriety of propounding the interrogatories attached to a pleading shall be passed upon by the court before an order is entered requiring their answer, but circumstances may arise which will justify setting the order aside and· the hearing of objections subsequently filed.

**Same:** FAILURE TO ANSWER. Before the court is authorized to strike a pleading from the files· because of a failure to answer interrogatories attached to the pleading of the opposite party, an opportunity to answer must be given, after the filing of the affidavit as provided in section 3610, by fixing a time within which such answers must be filed, either by an original order or extending the time previously fixed.

**Same.** Where the issues, ·to which interrogatories attached to a pleading are addressed, have been eliminated there is no occasion for requiring that they be answered; as where by amendment to his pleading the party discloses all facts sought to be elicited by the interrogatories.

**Arrest of judgment:** GROUNDS. Under the provisions of Code, section 2164, a claim for damages against a telegraph company must be presented. within sixty days, as a condition precedent to recovery; and where the petition fails to allege that the claim sued on was so presented the defect in the pleading may be taken advantage of by motion in arrest ·of judgment as authorized by section 3563.

**Same:** WHO MAY FILE MOTION IN ARREST. Under the provisions of Code, section 3792, a party adjudged to be in default cannot file a motion in arrest of judgment against him until after the default has been set aside.

*Appeal from Carroll District Court.*— HON. Z. A. CHURCH,
Judge.

WEDNESDAY, JANUARY 9, 1907.

REHEARING DENIED MONDAY, JUNE 10, 1907.

On November 6, 1902, plaintiff received a telegram
announcing his mother's death.   Upon inquiry at defend-
ant's office, he ascertained that another had been received
three days previous in words following:   " Huntington, In-
diana, Nov. 3, 1902.   Martin H. Freeman, Manning, Iowa:
Mother near death's door at Huntington.   Am with her.
Ida Whittaker."   The signer was plaintiff's sister, and the
telegram was not delivered until November 6th.   This action
was begun February 27, 1903, it being alleged that the tele-
gram was properly addressed to plaintiff when handed
to defendant's agent, and that the mistake and delay
was because of its negligence; that defendant main-
tained offices for the transaction of its business at Hunting-
ton, Ind., and at Manning, Iowa, and undertook to deliver
messages generally; that plaintiff had lived at Manning fif-
teen years and was well known; that plaintiff did not ascer-
tain, though he diligently inquired, until January 16, 1903,
that the message as delivered at Huntington, Ind., was cor-
rectly addressed to him; and that on February 16, 1903, he
filed with defendant his claim for damages.   The defendant
answered March 30, 1903, admitting the nature of its business
and that offices were maintained as alleged; that the message
of November 6th was delivered as stated, and that on the
same day the message of November 3d, save that it was ad-
dressed to " Freeman," instead of " Free," was handed
to plaintiff; that notice was served on the day stated; and
otherwise put plaintiff upon his proof.   The cause was then
continued from term to term until January 4, 1904, when
plaintiff amended his petition by annexing five interroga-

tories.   The cause was then continued, and by agreement the interrogatories ordered to be answered by February 10, 1904. After several more continuances, the cause was noticed for trial at the March, 1905, term of court.   The defendant then moved to strike the interrogatories from the files, on the grounds that they were not attached to the petition or amendment thereto and were filed a year after the issues had been made up, that no affidavit was attached thereto, that the first three merely called for certain documents, that the last two called for facts admitted by the answer, and that the interrogatories were filed for delay.   This motion was overruled, and plaintiff then moved that the claim or cause of action be sustained and judgment entered in his favor, or, in the alternative, that the pleadings of defendant be stricken from the files and default against it be entered.   This motion was sustained, the pleadings of defendant stricken from the files, and default entered as prayed.   After the introduction of evidence, defendant filed a motion in arrest of judgment on the ground that the petition showed affirmatively that no claim for damages was served on defendant within sixty days from the time the cause of action accrued.   This motion was overruled, and judgment entered for $1,000.   A motion for new trial, also, was overruled.   The defendant appeals.— *Reversed.*

*Wright & Call,* for appellant.

*Salinger & Korte,* for appellee.

LADD, J.— Questions of practice only are presented on this appeal.   Some time after the issues had been made up, plaintiff, by way of amendment adding nothing to the petition, attached five interrogatories thereto, to be answered by the defendant.   By consent an order was entered that these be answered by February 10, 1904.   Probably the attorneys having general charge of defendant's litigation in that sec-

1. INTERROGA-
TORIES ATTACHED
TO PLEADINGS:
objections:
waiver.

tion were not advised of this order, or that the interrogatories had been filed. But these were a part of the record in the case, and, through local counsel representing it, the company was charged with notice of precisely what had been done. Exceptions to the interrogatories or to so attaching them to the petition were not filed until more than a year after the entry of the order. By assenting to such order, defendant necessarily waived the right to interpose objections to the regularity and propriety of propounding them.

Section 3604 of the Code provides that " either party may annex to his petition, answer or reply written interrogatories to any one or more of the adverse parties, concerning any of the material facts in issue in the action, 2. SAME. the answer to which, on oath, may be read by either party as a deposition between the party interrogating and the party answering." This does not necessarily exact the annexing of the interrogatories at the time the petition or answer is filed, though that is the usual, and probably the better, practice. The purpose to be subserved is the procurement for use on the trial of evidence peculiarly within the control of the adverse party, and whenever it shall appear reasonably probable that by annexing interrogatories to the petition or answer and requiring answers will facilitate the trial or simplify or dispose of some of the issues, the mere fact that these were not attached to an original pleading when filed ought not to prevent them from being annexed thereto subsequently. See *Blair v. Railway,* 109 Iowa, 369, 387. Of course, if this will result in a continuance, leave to file may well be denied, or, if filed, the interrogatories may be stricken on motion. *Theis v. Railway,* 107 Iowa, 522. All this is incident to preparation for trial and is peculiarly within the discretion of the trial court. After consenting to an order requiring that the interrogatories be answered, however, there is no room for complaint concerning the time when, or the manner in which, they were filed.

Nor was there any error in refusing to consider the ex-

ceptions to the interrogatories themselves. Section 3606 contemplates that these shall be passed on before the entry of the order requiring answers. This plainly appears from its language: " The interrogatories shall be answered at the same time the pleading to which they are annexed is answered or replied to, unless they are excepted to by the adverse party; in which event the court shall determine as to the propriety of the interrogatories propounded, and which of them shall be answered, and within what time such answer shall be made." Circumstances may arise which will justify setting aside the order and hearing exceptions filed subsequently; but no showing of the kind was made in this case, and there was no abuse of discretion in declining to hear exceptions to the questions asked.

3. SAME.

II. On the 14th of March, 1895, more than a year after the interrogatories had been filed, plaintiff moved (1) that all his claim or cause of action be deemed sustained, and that judgment be given accordingly, and (2) in the alternative that all pleadings filed by defendant be stricken, and default entered against it. This was supported by an affidavit of plaintiff, setting out the interrogatories, reciting the order of the court and the defendant's failure to answer them, and swearing " that the subject of the interrogatories is in the personal knowledge of defendant, and its answer thereto, if truly made from said knowledge, will sustain the claim and cause of action of plaintiff." In response to this the defendant filed what is designated as reasons for not answering the interrogatories, disclaiming any intentional neglect or disregard of the court's order, and asserting that it was on account of there being no written application for the order and its attention not having been called thereto, and it asked that the particular part of plaintiff's contention which would be sustained by answer to the interrogatories be stated by plaintiff, and, farther, that defendant's attorneys be permitted to file answers thereto. This was supported by an affidavit of J. W.

4. SAME:
   failure to
   answer.

Hallam, attorney for defendants, reciting that his home was in Sioux City, where Wright & Call, the attorneys having general charge of defendant's litigation, resided; that he first learned that interrogatories had been filed and an order entered that they be answered on that day; and had learned by telephone that the other attorneys did not know thereof. He was cross-examined, and it appeared that he had been called into the case but a few days previous. Thereupon plaintiff showed that Lee & Robb had also appeared for defendant, and that the order was entered by agreement with them.

On the day following the defendant filed an amendment to its answer, specifically admitting: That during the month of November, 1902, it was operating a line and engaged in the transmission of telegraph messages between Huntington, Ind., and Manning, Iowa; that on November 3, 1903, the following message was delivered to it for transmission, with fee therefor, by the signer: " Huntington, Indiana, Nov. 3d, 1902. To Martin H. Free, Manning, Iowa: Mother near death's door at Huntington. Am with her. [Signed] Ida Whittaker." Also that another message announcing the death of plaintiff's mother, was transmitted to him on the 6th of the same month, during which no other telegrams were received by it to be forwarded to plaintiff. The original answer had admitted that the telegram such as set out, addressed to Martin H. Freeman, had been delivered on the 6th of November, 1902. Because of defendant's failure to comply with the order requiring it to answer the interrogatories, the court then ordered that all pleadings filed by it be stricken from the files and that default be entered against it.

Appellee relies upon sections 3610 and 3611 of the Code as authorizing this ruling. Section 3610 provides that " where a party filing interrogatories shall also file an affidavit that he verily believes the subject of the interrogatories, or any of them, is in the personal knowledge of the opposite party, and that his answers thereto, if truly made from such knowledge, will sustain the claim or defense, or any part

thereof, and the opposite party shall fail to answer the same within the time allowed therefor, or by the court extended, the claim or defense, or the part thereof according to such affidavit shall be deemed to be sustained, and judgment given accordingly." Section 3611: "The court may compel answers to interrogatories by process of contempt, and may, on the failure of the party to answer them, after reasonable time allowed therefor, dismiss the petition or strike the pleading of the party so failing from the files."

The section first quoted contemplates the entry of an order after the filing of the affidavit. Possibly it is not necessary that this accompany the interrogatories when these are filed, and it may be within the court's discretion to allow it be filed, even subsequent to the entry of an order requiring answers. But, before the drastic remedy provided for may be taken advantage of, an opportunity to answer must be afforded by fixing a time within which such answer must be filed, either by entering an original order or by extending the time previously fixed. Certainly the section cannot be applied where the time for answering has elapsed without an order extending the time. Under this section the claim or defense is taken as true, and therefore the necessity of proof is obviated; while under that following, even though the delinquent be adjudged in default, the adverse party must establish his claim. The ruling of the trial court was in harmony with the views expressed; for in striking the pleadings and entering the default, without more, the portion of the motion asking that the cause of action be sustained was necessarily denied. Ought the court, under the circumstances disclosed, to have entered default against defendant? It is not necessary that the affidavit mentioned in section 3610 should have been filed in order that the relief provided in section 3611 may be invoked. All courts have authority to enforce their proper orders, and the last-mentioned section prescribes the manner in which any order to answer interrogatories, whether supported by affidavit or not, may be enforced.

Conceding the existence of such power, defendant contends that it was not properly exercised. In passing on this question it must be kept in mind that the sole object in exacting answers to the interrogatories is to elicit evidence bearing on the issues to be tried. If the issues concerning which the interrogatories have been asked have been eliminated, there is no occasion for requiring that they be answered. The amendment to the answer eliminated all issues to which the inquiries of plaintiff had any relevancy. This appears from a comparison of the interrogatories with the answer as amended. The first interrogatory called for the original telegram as delivered to the company at Huntington, Ind., by Ida Whittaker on November 3, 1902. The amendment admitted the delivery on that day of a telegram in the words alleged in the petition. The second interrogatory called for all the telegrams so signed and delivered for transmission during the month of November, 1902. The amendment admitted there were no others. The third interrogatory asked that copies be set out in an amendment to the answer, in event the originals could not be found. The second and third are manifestly dependent on the first, and a full admission of the fact that was intended to be elicited obviated the necessity of the other two. The fourth and fifth interrogatories inquired whether defendant, during the month mentioned, was operating lines for the transmission of messages and engaged in that business between Huntington, Ind., and Manning, Iowa. These facts, also, were admitted by the amendment. The answers to the interrogatories, then, were no longer required, for every fact sought to be elicited had been admitted by the amendment to the answer. Thereafter the evidence, if produced, would not have been admissible, and to then strike the pleadings and enter default was to punish for a past delinquency which had been atoned for, and which in no way could interfere with the further progress of the trial. Of course, parties ought not to be permitted to dally with the orders of the court, and cases may arise where

5. SAME.

their conduct has been such that leave to file an amendment, such as this, should be denied, or, if filed, should be stricken on motion. There is nothing in the record before us indicating bad faith or the purpose of trifling with the order of the court, nor is there any intimation in the opinion delivered in passing on the motion that the ruling was based on such a finding. The cause had been passed from term to term for more than a year, without reference to the omission to answer the interrogatories, and, promptly upon a demand for default by reason of such omission, the issues upon which the evidence sought to be elicited could have any bearing were eliminated from the case by the amendment. Thereby counsel for defendant not only obviated any inconvenience, but any lack of proof, in consequence of their oversight, inadvertence, or neglect, and we are of opinion that the situation was such that plaintiff's motion should have been overruled. Courts strongly favor trials on the merits, and default ought not to be entered for failure to answer interrogatories annexed to the pleadings in any case when the evidence adduced will not be admissible on any issue as raised by the pleadings as they stand at the time of the ruling. Though filed without leave, no motion to strike the amendment to the answer was made, and with it on file it was error to strike the pleadings or to enter default.

III. After ruling on the motion for default and the introduction of evidence, defendant filed a motion in arrest of judgment on the ground that the petition showed affirmatively that the claim for damages was not presented

6. ARREST OF
   JUDGMENT:
   grounds.

until more than sixty days from the time the cause of action had elapsed. Section 2164 provides that " no action for the recovery of such damages shall be maintained unless a claim therefor is presented in writing to such company, officer or agent thereof, within sixty days from time cause of action accrues." A stipulation to this effect was held to be valid in *Albers v. Western U. T. Co.,* 98 Iowa, 51; and it was also said that the presentation of the

claim should be averred in the petition. That the same rule obtains where a statute requires notice or presentation of the claim within a specified time as a condition to the maintenance of an action appears from *Moore v. Insurance Co.,* 72 Iowa, 414, and *Pardey v. Mechanicsville,* 101 Iowa, 266. Without this allegation the petition is demurrable; but, as contended, the judgment may not be attacked collaterally or for the first time on appeal on this ground. See *Pelly v. Insurance Co.,* 111 Iowa, 359; *Miller v. Insurance Co.,* 111 Iowa, 595; *Bosch v. Kassing,* 64 Iowa, 312; and like cases. The trial court must have an opportunity to pass on every question before it may be assailed on appeal. The right of the plaintiff to recover on the allegations of his petition is raised by motion in arrest of judgment, and is authorized by section 3563 of the Code, which provides that: " When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition, the objection may be taken by answer. If the facts stated by the petition do not entitle the plaintiff to any relief whatever, advantage may be taken of it by motion in arrest of judgment before judgment is entered." *Linden v. Green,* 81 Iowa, 371; *Taylor v. Insurance Co.,* 83 Iowa, 402; *Woodcock v. Insurance Co.,* 97 Iowa, 562; *Pierson v. Ind School Dist.,* 106 Iowa, 695.

The motion here contemplated is based on the insufficiency of the allegation of the petition, and not the lack of evidence to sustain it, as argued by appellant. *Kirk v. Litterst,* 71 Iowa, 71. But where the presentation or notice of the claim depends on contract, and the facts constituting the cause of action have not and could not, in the exercise of reasonable diligence, have been ascertained in time to have made demand or to have given notice, the courts quite generally hold that the action will not be barred. *Herren v. Telegraph Co.,* 90 Iowa, 129. The statute contains no exceptions, however; and, as it is not essential in passing on the ruling of the court to determine whether delay in ascertaining the cause

of action, such as is alleged in the petition, will excuse presenting the claim within sixty days from the time the cause of action accrued, and the question is not fully argued, we do not pass on it. It is sufficient now to say that the question presented might be raised by motion in arrest of judgment.

IV. The only remaining inquiry is whether the defendant, when in default, had the right to file such a motion. Until that entry had been set aside, it had no right

7. SAME: who may file motion in arrest.

whatever to appear, save for the one purpose of cross-examining the witnesses called by the plaintiff. Section 3792 of the Code reads: "The party in default may appear at the time of the assessment and cross-examine the witnesses against him, but for no other purpose." He cannot object to the introduction of evidence by the opposite party. *Wright v. Lacy,* 52 Iowa, 248. He cannot offer evidence. *Cook v. Walters,* 4 Iowa, 72; *Carleton v. Byington,* 17 Iowa, 579. Nor can he object to the evidence offered or cross-examine the witnesses as to any matter not touched in the evidence in chief. *Lyman v. Bechtell,* 58 Iowa, 755. Indeed, while the default continues, the plaintiff has nothing to do but to prove his demands, and the defendant cannot claim that he is entitled to recover nothing. *Loeber v. Delahaye,* 7 Iowa, 478. The statute quoted precludes the party in default from filing a motion in arrest without first procuring the default to be set aside. For this reason the court rightly overruled the motion in arrest of judgment.— *Reversed.*