INDEPENDENT SCHOOL DISTRICT No. 5 OF BIG GROVE TOWNSHIP, Appellant, v. SOLON, IOWA, INDEPENDENT SCHOOL DISTRICT No. 8.

**Pleadings:** FAILURE TO ANSWER INTERROGATORIES: JUDGMENT. A plaintiff is not entitled to judgment upon a failure to answer interrogatories attached to the petition, where, although the answers

might tend to sustain plaintiff's claim, they would not necessarily prove the amount which he was entitled to recover.

**Same:** INTERROGATORIES: SUFFICIENCY OF AFFIDAVIT. Under the statute providing that a party may file interrogatories with his pleading, the affidavit to the effect that he believes the subject inquired about is within the personal knowledge of the party interrogated, which does not aver that affiant has a personal knowledge of the matter sworn to, when made by an attorney, is insufficient.

**Same:** EXTENSION OF TIME TO ANSWER INTERROGATORIES: DISCRETION. While it is incumbent upon a party to answer interrogatories attached to a pleading within the time required to answer the pleading itself, the time may be extended by the court, and the order of extension will not be reversed unless it clearly appears there was an abuse of discretion.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, MARCH 9, 1910.

THE opinion states the facts and case.—*Affirmed.*

*Holbert & Kimball,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

SHERWIN, J.—The plaintiff sued the defendant to recover money alleged to have been demanded and paid under a mistake. The original petition was filed August 30, 1907, and in January, 1908, and again in November of the same year, amended and substituted petitions were filed. It does not appear whether the defendant pleaded to the first two petitions. Certain interrogatories for the defendant to answer were annexed to the last substituted petition, as provided by section 3604 of the Code. Still later the plaintiff filed an affidavit in which it attempted to comply with the provisions of section 3610 of the Code. On February 2, 1909, the interrogatories not having been

answered, the district court by proper order extended the time for answering the same ten days. No answer was made within the extended time, and on the 26th of February the plaintiff filed a motion for a judgment under section 3610. No ruling was made on this motion at that time, and on March 6th the defendant asked further time within which to answer the interrogatories. A resistance to this motion was filed on the 16th of March. On the 19th of April the court overruled the plaintiff's motion for a judgment, and gave the defendant five days from that time for answering the interrogatories. On the 21st of April the defendant filed answers to the interrogatories, and on the same day the plaintiff appealed from the order overruling its motion for judgment.

The plaintiff was not entitled to a judgment on its motion. The petition in its several counts alleged that the plaintiff had paid to the defendant during a period covering several years specific sums for the tuition of school children who were supposed to belong to the plaintiff district when in fact they belonged to the defendant district. The interrogatories asked the defendant to state whether it had a record of the children treated as coming from plaintiff district and for whose instruction it had charged plaintiff; and further, whether during the years in question there were any children belonging to plaintiff district who were furnished tuition by defendant, for which the plaintiff paid, and what part of the tuition thus paid was for children living outside of the defendant district. If it were to be conceded that answers to the interrogatories would tend to sustain the plaintiff's claim, it still remains true that they would not necessarily from the very nature of the interrogatories prove the entire claim of the plaintiff or the amount for which it might be entitled to judgment. It had pleaded that a specific sum was paid to the defendant each year, and the total of such sum was the amount for which it asked judgment on the motion. In *Perry v.*

*Heighton,* 26 Iowa, 451, it was held that the section of the Code under consideration establishes a rule of evidence only, and that a failure to answer the interrogatories, even where there is the prescribed affidavit, does not entitle the party to a judgment without a trial, or deny the other side the right to a jury trial. Furthermore, the affidavit filed with the interrogatories was made by one of the plaintiff's counsel, and there is no averment therein that he had personal knowledge of matters sworn to. The statute says that such an affidavit may be made by the party himself. But, if it may be construed to permit it to be made by a stranger to the litigation, he should at least aver his knowledge of the matters he swears to.

While it was incumbent on the defendant to answer the interrogatories within the time that it was required to answer the pleading, such time for answering might be extended by the court, as was done here, and its order of extension will not be reversed unless it clearly appears that there was an abuse of discretion. The parties on both sides were going an easy gait, and the extension of time five days could not have been prejudicial to the defendant, even if he had then demanded an immediate trial of his action. The order is *affirmed.*