JOHN W. LEE, Appellee, v. JOHN BLUMER, Executor,
Appellant.

**EXECUTORS AND ADMINISTRATORS:** Interrogatories in re
Claims. The statutory provisions (Secs. 3604 *et seq.*, Code,
1897), relative to the attaching of interrogatories to petitions,
answers, or replies, are applicable to proceedings in probate
for establishment of claims. (Sec. 3341, Code, 1897.)

*Appeal from Shelby District Court.*—THOMAS ARTHUR,
Judge.

OCTOBER 26, 1920.

APPEAL from a judgment establishing a claim in probate.
The material facts are stated in the opinion.—*Reversed.*

*Preston & Dillinger,* for appellant.

*Cullison & Cullison,* for appellee.

PER CURIAM.—I. On May 19, 1916, the claim in con-
troversy, which is based upon an alleged promissory note
for $1,500, dated at Shelby, Iowa, September 1, 1905, and
at the time of the trial amounting to $4,374.08, was filed
in the office of the clerk of the district court of Shelby
County, against the estate of Fredolin Blumer, who died
in 1915. The administrator filed answer, denying the claim,
and alleging that the instrument was executed without
consideration, and that same had been fully paid. To this
answer were annexed several interrogatories, accompanied
by affidavit, to be answered by claimant. Exceptions to
the interrogatories were filed November 6, 1918, and again
on September 17, 1919, upon the grounds that same were
immaterial and incompetent; that claimant was incom-

petent, under Section 3604 of the Code, to answer said interrogatories; and that the statute permitting the filing thereof is not applicable to proceedings for the establishment of a claim in probate.

On February 22, 1919, the motion of defendant to require claimant to answer the interrogatories was submitted and sustained, claimant being given until September 1st following to answer same. Claimant having failed to do so, the defendant, on September 2d, filed a motion for judgment. This motion was, on September 20th, overruled, at which time the court also declined to grant claimant further time to answer the interrogatories.

Some months later, the case proceeded to trial to a jury. After identifying the signature upon the note and offering same in evidence, claimant rested. Thereupon, the defendant moved for judgment, upon the ground that claimant had failed to answer the interrogatories, making the interrogatories and affidavit a part thereof. This motion was overruled. Defendant then moved for a directed verdict, upon the grounds stated in the motion for judgment. This motion was also overruled. Defendant then introduced evidence for the purpose of showing that the signature upon the note was not genuine, and sought to introduce testimony which, it is claimed, tended to sustain the plea of payment; but, upon objection of claimant, this testimony was excluded. Both parties having rested, defendant again moved for a directed verdict, basing the same largely upon the failure of claimant to appear at the trial for cross-examination, in obedience to a written notice served upon his counsel, requesting him to do so. The motion was overruled. Before submitting the case to the jury, the court, upon motion of counsel for claimant, withdrew the issues of payment and failure of consideration, and submitted only the question of the genuineness of the signature upon the note.

The facts disclosed, in some respects, take the case out of the ordinary. As already stated, the note bears date September 1, 1905, and was filed for probate May 19,

1916. By its terms, it became due in one year, and thereafter, both principal and interest bore interest at the rate of 8 per cent. No interest was ever paid. It is suggested in defendant's offer of proof that the maker, on the date of the note, owned 840 acres of land in Shelby County, incumbered for $2,500; that he had money in the bank, and notes amounting to more than $1,000; that, during much of the time, he had considerable sums on deposit or loaned, his deposits at times aggregating $10,000; and that, at his death, they amounted to several thousand dollars. The note was received from claimant by G. W. Cullison, an attorney at Harlan, by mail, together with a letter dated at Chicago, April 13, 1916, in which claimant stated that the consideration for the note was a loan of $1,500; that he wrote the maker annually, demanding payment of the interest; that none of the letters were returned; and that he received no reply thereto. Nothing was thereafter heard from claimant by his attorney, although the latter wrote him, advising that answer and interrogatories had been filed to the claim, and requesting him to forward the information necessary for the preparation of interrogatories, or that he come to Harlan for conference. No reply was received from this or a subsequent letter, calling attention to the same matter.

It was contended by counsel for claimant in the court below that Section 3604 of the Code, authorizing the filing of interrogatories, and requiring the adverse party to answer same, is not applicable to proceedings in probate for the establishment of claims; and that the interrogatories submitted do not call for answers material to any issue involved; and that, if same had been answered most favorably to defendant, such answers would not sustain either of the special defenses pleaded. These contentions present the principal questions for decision upon this appeal. The material sections of the Code are as follows:

"Sec. 3604. Either party may annex to his petition, answer or reply written interrogatories to any one or more of the adverse parties, concerning any of the material facts

in issue in the action, the answer to which, on oath, may be read by either party as a deposition between the party interrogating and the party answering.

"Sec. 3609. The answers to the interrogatories shall be verified by the affidavit of the party making them, to the effect that the statements therein made of his own personal knowledge are true, and those made from the information of others he believes to be true. And when the party interrogated is a corporation, the answers and affidavit verifying the same shall be made by the officers or agents of such corporation who have knowledge of the subjects and matters covered by the interrogatories.

"Sec. 3610. Where a party filing interrogatories shall also file an affidavit that he verily believes the subject of the interrogatories, or any of them, is in the personal knowledge of the opposite party, and that his answers thereto, if truly made from such knowledge, will sustain the claim or defense, or any part thereof, and the opposite party shall fail to answer the same within the time allowed therefor, or by the court extended, the claim or defense, or the part thereof, according to such affidavit, shall be deemed to be sustained, and judgment given accordingly."

It is true, as claimed by counsel for appellee, that pleadings in probate are somewhat less formal than in other cases; but they are subject to motions for more specific statement and demurrer. Some of the usual formalities must, therefore, be observed.

Section 3610, supra, provides that, if the adverse party shall fail to answer the interrogatories filed within the time allowed, the claim or defense, or the part thereof supported by affidavit, shall be deemed sustained, and judgment given accordingly. This section is identical with Section 2991 of the Revision, construed in *Perry v. Heighton*, 26 Iowa 451, and held to establish a rule of evidence. To the same effect, see *Independent School Dist. v. Independent School Dist.*, 148 Iowa 154. In *Free v. Western Union Tel. Co.*, 135 Iowa 69, it was held that, under Section 3610, the failure of the

party to answer interrogatories obviated the necessity of proof.

Section 3341 of the Code provides:

"If a claim filed against the estate is not fully admitted by the executor or administrator, the court may hear and allow the same, or may submit it to a jury, and on the hearing, unless otherwise provided, all provisions of law applicable to an ordinary action shall apply."

It is contended by counsel for appellee that this section relates only to procedure upon the hearing. If this limitation were conceded, it would hardly aid appellee's contention. The same rules of evidence, unless otherwise provided by statute, that govern in the trial of ordinary actions, govern in the trial of claims offered for allowance in probate. We perceive no reason why different rules should apply in the trial of an ordinary action upon a promissory note, and a trial upon a claim based thereon against the administrator of an estate—at least so far as special defenses are involved. The question is not one of pleading, and it is not controlling that pleadings in proceedings of the kind in question are somewhat less formal than in other forms of action. We hold, therefore, that Section 3604 and succeeding sections relating to interrogatories are applicable to proceedings in probate for the establishment of claims.

II. Of course, the statute contemplates that the interrogatories filed must relate to and seek facts material to some issue in the action. If exceptions are filed to the interrogatories, the court must determine the propriety thereof, and which, if any, of the questions shall be answered, and the time within which same shall be answered (Section 3606, *Free v. Western Union Tel. Co.,* supra); so that the court must have found that all of the interrogatories filed were proper and material, before claimant was ordered to answer them. This order was not set aside, nor permission asked to file other exceptions. Perhaps the questions are not as carefully or skillfully framed as they might have been; but claimant was asked, among many

other material matters, to state specifically if it were not true that the note was executed without consideration. Failure of consideration was a complete defense to the whole claim, and, if established, was determinative of the controversy. Had all of the interrogatories been answered most favorably to defendant, the defense of failure of consideration would have been established.

The motion filed September 2d for judgment, and over-ruled September 20th, was submitted to Judge Peters. The grounds upon which the ruling was based were not made of record; but the court may, in view of our holding in *Perry v. Heighton* and *Independent School Dist. v. Independent School Dist.*, supra, have deemed it premature. In any event, this ruling was in no wise binding upon the trial judge. The interrogatories were not answered, and, therefore, the defense pleaded, to which they related, was deemed sustained, and the necessity of further proof obviated. The motion for judgment, filed at the close of plaintiff's testimony, should, therefore, have been sustained. The interrogatories and affidavit were a part of the record, and made a part of the motion for judgment. The showing was complete, and every requirement of the statute met.

It follows that the judgment of the court below must be and is—*Reversed.*

ARTHUR, J., took no part.