UNION REPUBLICAN COMPANY, Appellant, v. A. L. ANDERSON, Appellee.

No. 40427.

OCTOBER 14, 1930.

*D. N. Clark* and *McCoy & McCoy*, for appellant.

*Anderson & Perry*, for appellee.

ALBERT, J.—I. Defendant'was the owner of a newspaper business known as the "Albia Union;" and on April 5, 1922, an agreement was entered into between him and one W. C. Newton for the sale of said newspaper, which contract will be referred to in detail hereinafter. This contract was later assigned to the plaintiff, and the terms thereof, generally speaking, were carried out, the Union Republican Company taking possession of the property and business, and thenceforward conducting said newspaper business.

This action was instituted August·16, 1927. Plaintiff's petition is in twó counts, the first count alleging a matter relative to a Mergenthaler printing press, on which he claims defendant should have paid the freight and drayage, amounting to $176.24. On this appeal, all claims under this count are abandoned; hence we give it no further attention.

Under the second count, plaintiff seeks to recover certain accounts alleged to be of the value of $5,000, which he claims were covered by the contract originally made, and which were kept by the defendant, Anderson, covering advertising and job printing which had been done prior to the time of the sale of this plant to the plaintiff.

At the time of the filing of the petition, plaintiff filed certain interrogatories which it demanded defendant should answer. Defendant filed answer, and subsequently filed an amended and substituted answer, but failed specifically to answer the interrogatories filed by plaintiff. Plaintiff offered in evidence these interrogatories and the date of filing the same, together with the affidavit, and claims that, under the evidence,·he was entitled to judgment accordingly.

Section 11187, Code, 1927, reads as follows:

"The interrogatories shall be answered at the same time

the pleading to which they are annexed is answered or replied to, unless they are excepted to by the adverse party; in which event the court shall determine as to the propriety of the interrogatories propounded, and which of them shall be answered, and within what time such answer shall be made.

"Section 11191. Where a party filing interrogatories shall also file an affidavit that he verily believes the subject of the interrogatories, or any of them, is in the personal knowledge of the opposite party, and that his answers thereto, if truly made from such knowledge, will sustain the claim or defense, or any part thereof, and the opposite party shall fail to answer the same within the time allowed therefor, or by the court extended, the claim or defense, or the part thereof, according to such affidavit, shall be deemed to be sustained, and judgment given accordingly.

"Section 11192. The court may compel answers to interrogatories by process of contempt, and may, on the failure of the party to answer them, after reasonable time allowed therefor, dismiss the petition, or strike the pleading of the party so failing from the files."

The question is the application of these various sections of the statute to the situation we have in the case before us. An affidavit was filed, under Section 11191, the sufficiency of which is attacked; but we will assume, for the purposes of this case, that it was sufficient.

We have had this question before us in several cases.

In *Hogaboom v. Price*, 53 Iowa 703, the defendant attached interrogatories to his answer. We there held that he was not entitled to a dismissal of the action because of the failure of the plaintiff to answer such interrogatories until the expiration of a reasonable time, to be fixed by the court.

The same situation existed and the same holding was made in *Garvin v. Cannon*, 53 Iowa 716.

In *Fahey v. Ancient O. of U. W.*, 187 Iowa 825, interrogatories were attached to the reply, and it was held that default could not be entered for failure to answer the same until the court had made an order fixing the time for such answer and defendant had defaulted; and it was there held that an order of the court prescribing a reasonable time within which the

interrogatories should be answered is essential before judgment "be given accordingly."

In the case of *Free v. Western Union Tel. Co.*, 135 Iowa 69, interrogatories were filed by plaintiff by way of an amendment to his petition. We there had under consideration the above-quoted sections, and with reference thereto we said:

"The section first quoted [Section 11191, Code, 1927,] contemplates the entry of an order after the filing of the affidavit. * * * But, before the drastic remedy provided for may be taken advantage of, an opportunity to answer must be afforded by fixing a time within which such answer must be filed, either by entering an original order or by extending the time previously fixed."

It is apparent from a reading of the *Free* case that, in accord with the previous holdings of this court above referred to, the court has interpreted this statute to mean that, after the interrogatories are filed, with the affidavits provided, a default judgment cannot be entered thereon until the court has made a specific order fixing a time within which the interrogatories shall be answered. When we apply this rule to the facts in the instant case, the record does not show that the court, after the filing of the affidavit and interrogatories, made any order fixing the time within which they should be answered. This being true, plaintiff is not entitled to introduce these in evidence or to have a judgment by default thereon.

II. One other question is raised in the case, arising from the following situation: The contract made on April 5, 1922, among other things contains the following provision: That the defendant agreed to sell and convey the newspaper plant known as the Albia Union "which said conveyance shall also include subscription list and accounts to date, all stock, supplies and machinery of whatever kind and description, and all machinery, tools, equipment, and implements belonging to said business, together with the good will of said publishing and printing business, the intention being to convey in this agreement all assets of said newspaper business, either tangible or intangible."

It is the claim of the plaintiff that, under this contract, all

outstanding accounts for advertising and job printing are covered by this provision in the contract, and that the plaintiff was entitled to them, claiming the same as "intangible" assets. This contention calls for a construction of the contract.

It is fundamental in the interpretation of contracts that the intention of the parties must be ascertained and followed *Ditson v. Ditson,* 85 Iowa 276; *Huntington v. Haish Co.,* 190 Iowa 1197; *Manchester v. Loomis,* 191 Iowa 554; *Corbett v. Berryhill,* 29 Iowa 157. Cognate to the above rule is the further rule that the conduct and acts of the parties themselves under the contract will aid the court in determining the intention of the parties. *Daniels v. Decatur County,* 99 Iowa 440; *Chamberlain v. Brown,* 141 Iowa 540; *Dalton v. Treinen,* 191 Iowa 1185; *Keck v. McKinstry,* 206 Iowa 1121; *Winfield State Bank v. Snell,* 208 Iowa 1086.

On the fact side of the case, it appears that, as a part of the purchase price of this property, the plaintiff executed to the defendant a chattel mortgage on the property purchased. In this chattel mortgage the accounts in controversy are not specified; but, prior to the giving of this mortgage, the defendant, Anderson, executed to the plaintiff a bill of sale, in which there is no specification of these accounts. In the original contract of April 5, 1922, the evidence shows that the words "books of account" were written in prior to the words "subscription list," and then deleted. In addition to this, the plaintiff's own testimony shows that at no time prior to the bringing of this action did he ever make a demand upon the defendant for the proceeds of any of these accounts, or the books of account containing the same, but that, ever since the sale, defendant has been in possession of these books of account, and has collected accounts therein shown, retaining the proceeds thereof. In the light of the conduct of these parties under the contract, the fact that five years and some months have elapsed after the property was turned over to the plaintiff, without any demand on plaintiff's part, and the fact that it allowed the defendant to take said book accounts and collect for the advertising and job work done prior to the time the business was sold, we think there can be but one interpretation of this situation, and that is that it was not the intention of the parties to the contract that these accounts for advertising and job work

done prior to the sale were ever intended to be covered by this contract and conveyed to the plaintiff.

Plaintiff's petition was dismissed, and with the action of the district court we are content.—*Affirmed.*

MORLING, C. J., and EVANS, STEVENS, and GRIMM, JJ., concur.